Argued April 9, decided April 15, 1913.

**CRUSON v. CITY OF LEBANON.**[*]

(131 Pac. 316.)

**Dedication—Equitable Estoppel—Municipal Corporations—Opening Alleys.**

The public is not estopped by laches to claim an alley as against one who purchased lots according to a recorded plat, showing the alley through them; the improvements placed on it not being of such a lasting and valuable character that the opening of the alley will entail any great pecuniary loss and sacrifice, but being merely lawn, lilac and rose bushes, three cherry trees, and a large shade tree.

From Linn:    WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit by Hattie A. Cruson against the City of Lebanon to enjoin the city from opening a certain alley within the corporate limits of said city. The facts are as follows:

Plaintiff is the owner of lots 3, 4, 7, and 8, block 10, in the town of Lebanon, which are the south half of the blocks, and she and her grantors have been in the exclusive possession of the said south half of the block, including the alley through the same, since about the

---

[*]As to the effect of improvements by abutting owner with reference to what is supposed to be the street boundary line to estop the municipality from asserting the true line, see note in 7 L. R. A. (N. S.) 243.

.   REPORTER.

year 1861. The residence thereon is situated on lot 8, west of the alley, and fronts east, and the ground east of the house extending to Second Street, including the alley, is set to lawn, fruit trees, berries, flowers, shrubbery, ornamental trees, and a garden. There are three cherry trees, flowers, shrubbery, and a large maple tree on the line of the alley. The city is proceeding to lay a sewer system, which it desires to locate through the alley in said lot; and it threatens to open said alley and lay the sewer therein. This suit is brought to enjoin the city from so doing on the ground that it should be estopped from opening said alley because of the private rights of the plaintiff that have grown up in consequence of the laches of the city in permitting it to be claimed, occupied, and improved by the plaintiff and her grantors for a period of more than 40 years. The case was put at issue, findings were made in favor of the defendant, and the suit dismissed. The plaintiff appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Weatherford & Weatherford,* with an oral argument by *Mr. James K. Weatherford.*

For respondent there was a brief over the names of *Mr. N. M. Newport* and *Mr. S. M. Garland,* with an oral argument by *Mr. Newport.*

MR. JUSTICE EAKIN delivered the opinion of the court.

Plaintiff relies upon the decisions in *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605), and in *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376: 7 L. R. A. [N. S.] 243). In the former case it is said, following Judge Dillon's statement of the law in his text-book on Municipal Corporations:

"It will, perhaps, be found that cases will arise of such a character that justice requires that an equitable estop-

pel shall be asserted even against the public; but, if so, such cases will form a law unto themselves, and do not fall within the legal operation of limitation enactments."

And in the case of *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376: 7 L. R. A. [N. S.] 243), the court, following the first-mentioned case, says:

"But, while the rule may be that the ordinary statute of limitations as such cannot be set up to defeat the right of the public to the use of a street or highway, there may grow up, in consequence of the laches of the public authorities, private rights of more persuasive force in the particular case than that of the public, and if 'acts are done by an adjoining proprietor which indicate that he is in good faith claiming as his own that which is, in fact, a part of the highway, and is expending money on the faith of his claim, by adjusting his property to the highway as he supposes or claims it to be, the public will be estopped.' "

When the *Oliver* v. *Synhorst* case was here on the second appeal (58 Or. 582: 109 Pac. 762: 115 Pac. 594), it was decided upon the evidence, and Mr. Justice MCBRIDE, in delivering the opinion, says:

"As was intimated by Mr. Chief Justice Bean in his previous opinion in this case, the principle of an estoppel *in pais* will only apply in exceptional cases, and in our judgment this is not a case of that character."

There is a note to the case of *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376), in 7 L. R. A. (N. S.) 243, in which many cases are collated and reviewed. The annotator recognizes that the cases on this point are irreconcilable, many of which follow Judge Dillon's statement of the law quoted in *Oliver* v. *Synhorst,* and he finds the most consistent statement of the law in the Illinois cases, which recognize the equitable estoppel stated by Dillon, but draw a close line by which to determine the conditions

which will justify the estoppel, namely, where the public have long withheld the assertion of control over streets, and private parties have been induced thereby to believe the street abandoned, and have made improvements and structures in a situation where they must suffer great pecuniary loss if the street is opened. "But," says the note, "this doctrine is of no avail where no valuable or lasting improvements have been made by the abutting owner upon the portion of the street claimed by him"— citing *Sullivan* v. *Tichenor,* 179 Ill. 97 (53 N. E. 561), which holds that a city was not estopped from building a sidewalk on the true line of a public street by the mere fact that a portion of it was fenced in, and along that fence a sidewalk was constructed by others than the municipal authorities. The line of distinction as to what conditions will justify an estoppel is well stated in *De Kalb* v. *Luney,* 193 Ill. 185 (61 N. E. 1036), in which the court refused to hold the city estopped where it appeared that the only improvements placed upon the disputed land by the abutting owner were an inexpensive wooden picket fence, a maple tree about 10 years old, a lilac bush, a creeping vine, and growing grass; deeming that the loss of these things would not present such a case of hardship and sacrifice that right and justice demanded an estoppel against the public.

It is said that to grant such an estoppel, there must be more than the inclosure of the street with the acquiescence of the city authorities and belief in good faith on the part of the claimant that the street has been abandoned by the public; but also on the faith of that belief, and with the acquiescence of those representing the public, such private party has erected structures on the street and made improvements thereon of such a lasting and valuable character that to permit the public to assert the right to re-possess itself of the premises would entail such great pecuniary loss and sacrifice upon

the private property holder that justice and right would demand that the public be estopped.  See, also, *Crocker* v. *Collins*, 37 S. C. 327 (15 S. E. 951: 34 Am. St. Rep. 752).  Plaintiff purchased the property described in the deed by lots, as designated upon the plat of the town of Lebanon recorded in the office of the clerk of Linn County; and that plat shows the alley.  Therefore plaintiff is not brought within the language of the *Oliver* v. *Synhorst* case, namely, that the acts do not indicate that plaintiff and her grantors in good faith claimed to own the alley and expended money on the faith of their claim.  Furthermore, the improvements on the alley are not of such a lasting and valuable character that the opening of the alley would entail any great pecuniary loss and sacrifice upon plaintiff.  The improvements consist of lawn, lilac and rose bushes, three cherry trees, and a large and symmetrical maple tree.  We think the facts here are not within the exceptional cases to which the estoppel *in pais* should apply.

The decree is affirmed.                     AFFIRMED.