Submitted on briefs September 2, affirmed September 15, 1914.

## BOOTH v. PRINEVILLE.

(143 Pac. 994.)

**Municipal Corporations—Streets—Equitable Estoppels.**

1. Where persons inclosed a portion of a street and used it as a corral for horses in the winter and for the growth of vegetables in the summer, but made no other improvements on the land, the city is not estopped to claim the street, the doctrine of equitable estoppel in such cases being based on the injustice to private parties who, relying for many years on the tacit acquiescence of public officers, have made permanent and valuable improvements of which they would be deprived by opening a highway.

[As to general limitations upon municipal corporations to enact ordinances, see note in 34 Am. Dec. 627.]

From Crook: WILLIAM L. BRADSHAW, Judge.

This is a suit by W. A. Booth against the City of Prineville, to quiet title. From a decree for the defendant, plaintiff appeals. The facts are set forth in the opinion of the court. Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).            AFFIRMED.

For appellant there was a brief over the name of *Mr. M. R. Elliott.*

For respondent there was a brief over the name of *Mr. T. E. J. Duffy.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the plaintiff from a decree dismissing his suit instituted to determine an adverse title to real property and establishing the defendant's easement in and right of possession of a part of Third Street in Prineville, Oregon, 49 feet along that highway and 80 feet across it. The plaintiff's alleged title

to the tract, as against the defendant's is asserted to
have been secured by adverse possession for more than
10 years prior to May 24, 1895, when the statute went
into effect, prohibiting the right of cities and towns in
Oregon to land dedicated or otherwise acquired for
public use for streets, etc., to be extinguished by mere
prescription: Laws 1895, p. 57. See, also, Section
6371, L. O. L.

It appears from the transcript herein that Monroe
Hodges secured from the United States a grant of
public land in what is now Crook County, Oregon. He
thereafter caused a part of the premises to be surveyed
and platted as the town of Prineville. Attached to the
plat, a copy of which was received in evidence, is a
sealed instrument executed by him and his wife, but
not containing any grant to the public of the use of the
streets and alleys delineated on the map. The certifi-
cate of the notary public taking the acknowledgment,
however, is to the effect that Hodges and his wife
executed the instrument ''for the purpose of making
the same a public record, and to dedicate to the public
use the streets and alleys therein mentioned, and to
fix the boundaries of the streets, blocks and lots in said
town.'' The plat was duly recorded July 31, 1883.
On the west side of the land so surveyed is block 7,
which is separated from block 14, immediately north
thereof, by Third Street.

Lucy S. Booth, the plaintiff's wife, in the fall of
1891, secured the legal title to the north one third of
block 7, and thereupon with her husband established a
residence on the premises. At that time the north
boundary of the land so obtained by her was fenced.
Hodges then owned block 14 and had a fence on the
south line thereof. He had also built a fence across
the street where it is now obstructed, from his south

line to the north boundary of the land secured by Mrs. Booth. Soon after moving on block 7, the plaintiff, in consideration of $50, purchased from Hodges the land in controversy herein and an adjoining tract about 30 or 40 feet in length to Crooked River, but no attempted conveyance of the title was made until January 31, 1898, or more than 2 years after the statute prohibiting the extinguishment of the public use to streets became operative, when Hodges and his wife executed to him a warranty deed therefor, wherein the premises were described as follows:

"Commencing at a point one hundred and ninety-one feet west of the southeast corner of block 14 of M. Hodges' plat of Prineville, Oregon; thence west to the east bank of Crooked River to low-water mark; thence south along said east bank of Crooked River to a point due west of the northeast corner of block 7, of said M. Hodges' plat; thence east to a point due south of the point of beginning; thence due north to point of beginning."

This deed was recorded February 5, 1898.

The south boundary of block 14 as platted is divided by the survey into three lots, each 80 feet wide, so that by measuring west from the southeast corner of the block 191 feet, as specified in the deed, 49 feet of the street remains. The defendant's original easement therein for the use of the public as a highway is conceded, so it will not be necessary to consider the effect of any conveyance made by Hodges of land in the town of Prineville by reference to lots and blocks indicated on the plat from which a dedication of the streets may be implied. It remains, therefore, to be seen whether the defendant's right of possession has been lost by the occupation of the plaintiff and his grantors.

The testimony conclusively shows that from some time prior to the year 1889 to the trial of this cause the

premises described in the deed executed by Hodges and his wife to Booth have been inclosed and constantly used as a corral for horses in the winter months and for the growth of potatoes and other vegetables during most of the summers. Plaintiff testified that until the year 1906 he did not know that any part of the land so conveyed to him was included in the street, and that all that he had ever done was to keep up the fences inclosing the tract. No permanent improvements whatever have been made upon any part of such premises. The doctrine of equitable estoppel, which in some jurisdictions is enforced against municipal corporations, is based upon the assumed injustice which would result to private parties who, relying for many years upon the tacit acquiescence of public officers to assert a right to the use of a street, have made permanent and valuable improvements therein, if they were deprived thereof by opening the highway would sustain great pecuniary loss: *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605); *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376, 7 L. R. A. (N. S.) 243, and notes); *Cruson* v. *City of Lebanon,* 64 Or. 593 (131 Pac. 316). In the latter case the improvements made on the line of an alley consisted of putting out three cherry trees, planting flowers and shrubbery, and growing a large maple tree, and it was held that they were not of sufficient value or importance to authorize an application of the rule of an estoppel *in pais.* The authorities there cited are so much in point, and the reason given for the legal principle asserted is so cogent, that it is unnecessary to refer to them. The decision in that case is controlling herein.

It follows that the decree should be affirmed, and it is so ordered.                                    AFFIRMED.