Argued December 11, affirmed December 29, 1914.

## BARTON *v.* PORTLAND.*

(144 Pac. 1146.)

**Adverse Possession—Property Subject—Streets—Estoppel.**

1. The right of a municipal corporation to use a dedicated street is not cut off by adverse possession for the ordinary period of limitations; but, where through the laches of its officers an abutting owner has been permitted to make and maintain in the street permanent and valuable improvements for that period, the city is estopped from opening the street.

[As to loss of street or highway by adverse possession or under doctrine of estoppel, see notes in 76 Am. St. Rep. 479; 87 Am. St. Rep. 775; 92 Am. St. Rep. 844; Ann. Cas. 1915B, 406.]

**Dedication—Dedicated Streets—When Opened.**

2. A municipal corporation is not bound to open a dedicated street until its use is deemed necessary by the common council.

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. JUSTICE MOORE.

This is a suit by Frank G. Barton against the City of Portland and others to quiet title to real property. The cause was tried upon an agreed statement of facts to the effect that on February 4, 1867, C. S. Silver, as administrator of the estate of Finice Caruthers, deceased, duly executed, filed, and caused properly to be recorded a plat of Caruthers' Addition to Caruthers' Addition to the City of Portland, Oregon, thereby dedicating to the public the streets represented on the map: Section 3266, L. O. L. About that time, Silver, in his representative capacity, executed to Abigail S. Barton a deed to block 45 as indicated on such plat. A deep gulch extends along the south border of that block where the part of the street located therein has never been opened, and, by reason of the physical

*Upon the rights acquired as against the public by adverse possession of highway or city street, see note in 18 L. R. A. 146.

condition of the ground, a highway cannot be conveniently established thereat. Mrs. Barton in the year 1867 practically inclosed with a substantial picket fence the land involved herein, to wit, the north 30 feet of Wood Street which adjoins block 45 on the south. In the year 1884 the fence referred to was taken down in order that a street adjoining that block on the west might be paved, and since that time no other fence has been put up. Subsequent to the year 1885, Mrs. Barton from time to time, for a nominal consideration, rented the 30-foot strip of land and has had thereon buildings which never were of any material value. A private corporation, having acquired all the title Finice Caruthers had at the time of his death in such addition, executed to Mrs. Barton a deed to block 45 and to the 30-foot tract adjoining it on the south. She resided on that block and also claimed the strip in question from the year 1867 to 1911, when she died, and the plaintiff has succeeded to her estate in the premises.

From this evidence the court found the facts as stated, and also that the plaintiff and his predecessors in interest had been for more than 20 years prior to the bringing of this suit in the adverse possession of the tract of land in dispute herein, holding it under color of title and claim of right, which possession was sufficient in time and adequate in character to toll the entry as against all parties except a municipal corporation. As a conclusion of law, the court further found that the City of Portland holds the 30-foot strip in trust for the public, and that its title is not subject to be divested by adverse possession however long continued. Based on these findings, it was decreed that the city was entitled to such tract of real property, and the plaintiff appeals.     AFFIRMED.

For appellant there was a brief over the name of *Messrs. Wood, Montague & Hunt,* with an oral argument by *Mr. Richard W. Montague.*

For respondents there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Henry A. Davie,* Deputy City Attorney, with an oral argument by *Mr. Davie.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended that, the court having found that the plaintiff and those under whom he asserts title had been in the exclusive, continuous, adverse possession of the land in question for more than ten years prior to May 24, 1895, when the statute went into effect declaring that the right of cities within the state to land dedicated for the public use of streets should not be extinguished by adverse possession however long continued (Section 6371, L. O. L.), an error was committed in denying the relief prayed for in the complaint. The rule has been followed in this state that the ordinary statute of limitations has no application as respects the public rights of a municipal corporation, but that by the laches of its officers in failing properly to guard such rights the principle of .equitable estoppel may be invoked by a private party, not dependent upon the mere lapse of time, but upon all the circumstances of the case: *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605) ; *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376, 7 L. R. A. (N. S.) 243) ; *Christian* v. *Eugene,* 49 Or. 170 (89 Pac. 419) ; *Cruson* v. *City of Lebanon,* 64 Or. 593 (131 Pac. 316) ; *Portland* v. *Inman-Poulsen Lumber Co.,* 66 Or. 86 (133 Pac. 829, 46 L. R. A. (N. S.) 1211).

Based upon that legal principle, an adverse possession of real property which has been devoted to or appropriated for a highway depends upon the character of the improvements that have been made upon the premises as indicating an intention to take for a private purpose real property which has been set apart for a public use. Thus a store and a butcher-shop having been erected in a county road and adversely occupied for a period exceeding the statute of limitations, it was ruled that such holding was adequate to thwart the right of the public to the use of the part of the highway so encroached upon: *Grady* v. *Dundon,* 30 Or. 333 (47 Pac. 915). Where an ice-house had been built and adversely maintained for more than ten years on the land over which the public had been permitted to travel for many years without objection, it was determined that the erection of the building was sufficient to overcome the right of the public to the use of so much of the way as had been infringed upon: *Bayard* v. *Standard Oil Co.,* 38 Or. 438 (63 Pac. 614). Where the shed of a barn had been extended across an alley in an incorporated town and the building had been adversely used for a time exceeding the statute of limitations, it was decided that such encroachment frustrated the right of the public to the use of the passage: *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605). So, too, where wooden buildings had been replaced by a brick structure in a part of a city street, which premises had been adversely occupied more than ten years, it was held that such improvements extinguished the right of the public to the part of the highway thus invaded: *Silverton* v. *Brown,* 63 Or. 418 (128 Pac. 45).

Where, however, no valuable or lasting improvements have been made by an abutting owner upon a

city highway claimed by him, no just reason exists for invoking an application of the doctrine of equitable estoppel against the municipality. Thus where three cherry trees, a maple tree, flowers and shrubbery had been set out upon and were growing in an alley in a city, which narrow passage had been so occupied adversely for more than 40 years, it was held that such horticulture was insufficient to extinguish the right of the public to the use of the way when it was required by the muunicipality: *Cruson* v. *City of Lebanon,* 64 Or. 593 (131 Pac. 316). So, too, where private parties inclosed a part of a street and used it as a corral for horses in the winter and for the growth of vegetables in the summer, but made no other improvements on the land within the ten years limited, it was held that the municipality was not estopped to claim the street: *Booth* v. *City of Prineville,* 72 Or. 298 (143 Pac. 994).

2. The statute in force when the plat of Caruthers' Addition to Caruthers' Addition was filed, and which enactment remains operative, provides generally that when a street in any incorporated city is vacated the part so annulled shall be attached to the ground bordering thereon, and all the right to such street shall vest in the persons owning real property on each side thereof in equal proportions according to the lengths of their respective borders: Sections 3279, 3281, L. O. L. When Mrs. Barton in 1867 secured the title to block 45, she also acquired a possible reversionary interest in the north half of Wood Street, bordering on her premises, in case that proposed highway should be vacated. A municipal corporation is under no obligation to open a dedicated street until its use is deemed necessary by the common council. Until that time the dedicator, if the land has not been conveyed,

or his grantee whose premises abut upon the street often makes such reasonable use of the proposed highway as is not inconsistent with the right of the municipality to open and improve the street when it is considered essential to the public need. For these reasons the possession of an abutting proprietor of a part of or an entire dedicated street will not defeat the right of a municipal corporation to open and improve the highway, unless the improvements made therein are permanent and valuable and have been maintained for the period of the statute of limitations.

The character of the buildings in the case at bar is not disclosed. It is believed, however, that they are not of sufficient value nor of such durability as would unmistakably indicate an intention permanently to claim the premises. The court therefore properly concluded that the possession was sufficient as against a private party, but not adequate as against a municipal corporation. It follows that the decree should be affirmed, and it is so ordered.    Affirmed.

Mr. Chief Justice McBride, Mr. Justice Burnett and Mr. Justice Ramsey concur.