Argued April 24, affirmed May 1, 1917.

## HART *v.* CITY OF INDEPENDENCE.

### (164 Pac. 719.)

**Municipal Corporations—Location of Streets—Sufficiency of Evidence.**

1. Where a street location had been recognized for 40 years, a survey measured from a corner located by discovering a bottle buried in the ground as described in a deed *held* insufficient to change the boundaries of the street.

**Estoppel—Municipal Corporations—Location of Street.**

2. Where a street was located according to the theory of men who laid out the town, had been maintained for over 40 years, and sidewalks and valuable improvements made, the city is estopped from changing its boundaries merely to attain mathematical exactness.

[As to power of a municipality to vacate or discontinue a street, see note in 46 **Am. St. Rep.** 493.]

From Polk: HARRY H. BELT, Judge.

Suit to enjoin the improvement of Main Street in the City of Independence, a municipal corporation, in which James S. Hart and others, as plaintiffs, were successful and the city appeals. Affirmed.

Department 1.   Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit to enjoin the defendant from improving Main Street in the City of Independence, which street is also sometimes called the Salem-Independence County road, in accordance with a recent resurvey of said street by which defendant claims that it runs over and includes portions of certain lots owned and occupied by plaintiffs.

The complaint alleges that the highway has been used and traveled by the public in its present location for more than forty years; that it is a legal county road under the exclusive jurisdiction of the County Court of Polk County, and never has been a street within the jurisdiction of the municipality of the City of Independence; that plaintiffs are the owners of certain lots abutting on said highway and that they and their grantors have been in the peaceable, undisturbed, continuous and adverse possession of these said premises for more than forty years; that they have been using said premises for residence purposes only for more than twenty years last past, and that there are now standing thereon dwelling-houses and many fruit and ornamental trees which greatly enhance the value of their property; that upon the line between their lots and said highway as it has been used for more than twenty years last past there have been fences erected and maintained thereon for that length of time, and that said fences and residences have been constructed with reference to the county road and highway as it is now traveled and used.   Then follow allegations that the city threatens to improve said highway as a street by assuming that the street line extends over and upon the premises of plaintiff to their

great and irreparable damage, the nature of which is fully set forth.

The defendants after formal denials of the existence of the highway as claimed by plaintiffs answered alleging the dedication of the town plat by one E. A. Thorp in November, 1850, and the recording of said plat in 1879, and the incorporation of the City of Independence. It was then alleged that Main Street in the City of Independence was one of the streets shown on said plat and included the lands claimed by plaintiffs; that by virtue of certain ordinances passed by the city it was proceeding to improve said Main Street, that the defendants were wrongfully maintaining fences therein, and that the lands claimed by plaintiffs were a part of said street.

The plaintiffs in their reply pleaded as matter in estoppel that Charles Dick was the owner of certain described lots and that he and his predecessors have been in exclusive possession of the land in dispute for more than forty years and have built fences and buildings and planted useful and ornamental trees with reference to the present location of the fence and county road which the proposed change in the street line would destroy if the same were carried out. There were similar pleas as to the other plaintiffs. Thorp's dedication of his plat reads as follows:

"This indenture witnesseth, that for the purpose of laying out and establishing a town within the county of Polk, and state of Oregon, to be known and designated as the town of Independence and in consideration of the location and establishment of said town and of the benefits to thereby accrue to me, I, E. A. Thorp, hereby signify my approval of the location of said town, or so much thereof as may be upon my land, and do hereby grant, dedicate, and quitclaim unto the inhabitants of said town, all and singular of the lands

hereinafter described, laid out, and designated as streets and alleys, the plat and description of said town of Independence being as follows, to wit: The same being in the northeast end of my donation land claim.''                                      AFFIRMED.

For appellant there was a brief over the names of *Mr. Benjamin F. Swope* and *Messrs. Carson & Brown,* with oral arguments by *Mr. Thomas Brown* and *Mr. Swope.*

For respondents there was a brief over the names of *Messrs. McNary & McNary* and *Mr. Everil M. Page,* with oral arguments by *Mr. John H. McNary* and *Mr. Page.*

Opinion by MR. CHIEF JUSTICE MCBRIDE.

There is not sufficient evidence here to justify us in changing the lines of the streets of Independence as they have been acquiesced in and recognized for forty years before the last survey. It is evident that no survey was made when the land was originally platted, but by referring to the plat it is plain that Thorp intended to plat the northeast corner of his claim. The original field-notes are not here, and there is not a scrap of original evidence anywhere in the record to identify the location of the northeast corner. In this dilemma the surveyor attempted to locate it by reference to a description in a deed from E. A. Thorp to A. Nelson, dated March 21, 1883, conveying all his donation land claim not included in the town plat in which deed the beginning point is described as follows: ''Beginning at the northeast corner of said land claim where a bottle with charcoal in it is sunk in the ground,'' etc. Upon what data this description is based does not appear. Evidently it was not a ''gov-

ernment corner," because the government surveys are not marked by beer bottles buried in the ground; and it is a matter of common knowledge that in the early fifties, when these donation claims were being surveyed, Oregon was in a state of pristine purity and sobriety and beer bottles were unknown. So this beer bottle which the surveyor found and dug up and identifies as such must belong to a more recent geological period than that extending from 1850 to 1854. There is no proof of the accuracy of the survey, if there was a survey, when it was buried and no sufficient proof that it was the same bottle referred to in Thorp's deed, though it probably was. It is not nearly so reliable as indicating the location of the streets as the acts of old settlers, including Thorp himself, who owned some of the lots now owned by one of the plaintiffs and who maintained his fences upon the street line as it is now claimed by them. If anybody on earth knew the boundary lines of Main Street Thorp was that man. He was the owner of the town site and interested in the progress of the town, and it is not probable that he would infringe upon the streets which he had laid out or allow his neighbors to do so without remonstrance.

Upon the whole testimony we are inclined to the opinion that the boundaries of Main Street are as a matter of fact where the plaintiffs contend; but even if the northeast corner of the Thorp donation land claim is situated where defendant's engineer places it, the city is estopped from claiming a right to shift the boundaries of the street which have been accepted and acquiesced in by everybody for nearly half a century, merely to attain mathematical exactness. This is not a case like *Oliver* v. *Synhorst,* 58 Or. 582 (109 Pac. 762, 115 Pac. 594), or *Cruson* v. *Lebanon,* 64 Or. 593 (131 Pac. 316), where there would have been no difficulty in

ascertaining the exact boundaries of the street if the parties had been reasonably diligent. Here the plaintiffs have adopted the theory of the man who laid out the town and dedicated the plat and assuming that he knew the lines of the streets he had dedicated have purchased from him and in some instances only replaced the fences placed by him upon what he evidently believed was the street line. These lots are not in an outlying and unoccupied part of the city, but upon one of its earliest occupied streets. With the acquiescence of the city and under the direction of its officials permanent sidewalks have been erected and valuable improvements made. For forty years the street has been actually used by the public upon the ground and within the boundaries claimed by plaintiffs. There it will remain.

The decree is affirmed.                    AFFIRMED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS, concur.