Argued December 13, 1917, modified January 15, rehearing denied February 19, 1918.

# CITY OF EUGENE *v.* GARRETT.*

## (169 Pac. 649; 170 Pac. 731.)

**Municipal Corporations—Streets—Power to Vacate.**

1. Charter of Eugene (Sp. Laws 1905, p. 254) Section 48, subdivision 36, provides for the vacation of any street or alley upon the petition or with the consent of not less than three fourths of the owners of property adjoining or abutting thereon, and the passage of an ordinance providing for improvement of a 90-foot street as a 70-foot street, without such petition or consent, could not have the effect of vacating any portion of the street.

**Dedication—Abandonment of Part of Street—Right to Open.**

2. Where a street was dedicated 90 feet wide, and the city used but 70 feet of the width although it improved the street by grade and macadam, and it was desired that the street be narrowed to 70 feet, which had not been done, as the property owners knew, or by reasonable diligence could have known, they took chances in improving their lots, and the city is not estopped to claim the full width of the street.

> [As to what amounts to a dedication of a highway, see note in 57 Am. St. Rep. 749.]

**Evidence—Judicial Notice—City Limits—Public Survey.**

3. In a proceeding under Sections 3276 and 3284, L. O. L., to vacate streets and alleys, where the petition does not state that the addition is without the boundaries of the city, the court, where the limits of the city are fixed by legislative charter, may take judicial notice thereof, and likewise of the public survey of a donation land claim named upon a plat and mentioned in the petition.

**Municipal Corporations — Abandonment of Street — Acts of Public Officers.**

4. Where the board of regents of the University relied upon a decree quieting title and registering land which they purchased for the state, and upon an agreement they had with the city by which the latter secured the use of sufficient area to make a 70-foot street along certain land, the city could not go beyond such agreement and appropriate land belonging to the state.

### PETITION FOR REHEARING.

**Municipal Corporations—Streets—Constructive Occupation.**

5. Possession and user of a part of width of a street within the limits of the duly recorded dedication amounts constructively to an

---

*As to estoppel of municipality to assert true line, where abutting owner has made improvements with what was erroneously supposed to be street boundary line, see note in 7 L. R. A. (N. S.) 243.

As to estoppel of municipality to open or use street, see note in 46 L. R. A. (N. S.) 1211.                                    REPORTER.

occupation of its entire dedicated width, and is possession sufficient for the purposes of a suit to establish the city's claim to the whole street.

**Municipal Corporations—Streets—Obstructions—Removal.**

6. A city, as trustee of streets for the use of the public, is in duty bound to remove all obstructions and encroachments which materially disturb the public user by whatever adequate, legal, or equitable means seem best.

**Municipal Corporations—Streets—Obstructions—Abatement and Injunction.**

7. Section 341, L. O. L., providing for abatement of nuisances, is not conclusive and may not be an appropriate remedy for removal of street obstructions, in a dispute between lot owners and the city, but where a public nuisance will cause irreparable damage or require numerous actions, equity has jurisdiction by way of the more efficacious remedy of injunction.

Department 1.    Statement by MR. JUSTICE BEAN.

This is a suit to establish the right of the City of Eugene to a street known as Agate Avenue.

In 1890 "Fairmount" Lane County, Oregon, was platted into lots and blocks with streets and alleys. It was located some distance beyond the limits of the City of Eugene as the same then existed. The addition was embraced within the limits of the donation land claim of William Smith and wife, with the west line of the claim as the west line of Fairmount. The street on the west side was designated as Agate Avenue, and extended from the Oregon & C. R. R. right of way on the north to the south side of the platted portion of the claim. This street was platted and dedicated to the width of 53 feet to 60 feet; the variation being due to the fact that the west line of the claim did not coincide with the line of the street.

In 1891 University Addition to Eugene was platted with the east line the same as the west line of Fairmount, and the plat shows the street 90 feet wide from the east line of Agate Avenue. This would take 53 to 60 feet east of the claim line and 30 to 37 feet on the west of the claim line to make the width dedicated.

In 1892 the owners of Fairmount Addition filed an amended plat, subdividing some of the lots. This plat shows the west line of the lots facing on Agate Avenue, 11 feet farther west than the first in order to correct an error in the first plat and to conform to the stakes set in the ground marking that line of the lots.

In 1895 all that part of University Addition south of 15th Street was ordered vacated by the County Court of Lane County. Thereafter the owners of University Addition instituted a suit in the Circuit Court to quiet title to this tract of 34 acres, and to register the same under the Torrens Registration Act. After due service and publication of notice a decree was rendered in effect quieting the title and ordering the same registered. After this the title to the tract was acquired by the Board of Regents of the University of Oregon. This tract embraced all the land which was formerly a part of University Addition, from the south line of 15th Street to 18th Street. Both of the additions mentioned, were outside of the limits of the City of Eugene, and were not within the boundaries of any municipality, until the limits of the City of Eugene were extended by an act of the legislature in 1903, after which a portion of what was formerly University Addition, south of 18th Street, was platted as Gross Addition, and the plat was accepted by the city and duly recorded. In 1908 the city council of Eugene passed an ordinance providing for the improvement of Agate Avenue. The center line of the improvement was declared to be 10 feet east of the claim line above referred to. The street was then improved by grading 40 feet in width, with a high grade of macadam 16 feet wide in the center, of a 70 foot street. Wooden sidewalks were constructed

along the west side of the 70 foot line for a portion of the distance north of 15th Street, and some shade trees were planted which are now about twelve feet high. Gutters and drains were arranged to conform to this proposed line, and the plumbing of the property owners was connected with the sewers. By an agreement with the Board of Regents of the University the use of a sufficient area to make a 70 foot street along the 34 acre tract was obtained, and the fence on the east side of the tract was adjusted to this line agreed upon.

In 1914 the property owners along Agate Avenue petitioned the city council to take formal action to definitely determine the lines of the street. An ordinance was passed by the council declaring the street to be 70 feet in width and vacating the remaining portion. This ordinance however was vetoed by the mayor and never became effective. Therefore it cannot be further considered in connection with this case. This suit was instituted by the direction of the city officials to quiet title to the street to the width of 90 feet, as formerly dedicated.

The Circuit Court passed a decree establishing the line of the street as prayed for in the complaint, and the answering defendants appeal. The Board of Regents of the University made no appearance.

MODIFIED.

For appellants there was a brief over the names of *Mr. Sjur P. Ness* and *Messrs. Hewitt & Dillard,* with an oral argument by *Mr. Ness.*

For respondent there was a brief over the names of *Mr. O. H. Foster,* City Attorney, and *Messrs. Williams*

*& Bean,* with oral arguments by *Mr. Foster* and *Mr. John M. Williams.*

Mr. Justice Bean delivered the opinion of the court.

The appealing defendants pleaded and claim that the city is estopped from asserting a right to more of the street than it improved after establishing the lines in making the improvement; that to change the street at this time would destroy public and private property that is the improvement of the street and the sidewalks and the parkings along the street; that the city could not acquire a right of way across the University grounds without the consent of the state authorities.

1, 2. We will first consider that part of Agate Avenue not adjacent to the University tract. The request to establish a seventy foot street and vacate the remainder thereof came principally from the property owners on the west side of the street and north of the University tract. Prior to 1909 this street had been used but little. It was then graded to the width of 40 feet with macadam in the center of the grade 16 feet in width. Sidewalks were constructed for a portion of the distance on the west side and some five or six dwelling-houses were built and some of the lots graded and adorned with shrubbery with a view to conforming to the proposed 70 foot street. None of the houses were built within the 90 foot street line but some of them are near that line. It appears from the evidence, taking into consideration all of the proceedings relating thereto, that it was proposed by some of the city officials, and desired by some of the property owners, that a 70 foot street should be established. This was never done. Most of the lot owners who made improvements on the west side of the street

knew that no portion of the 90 foot street had ever been vacated. All of them could with reasonable diligence have obtained such information. This is shown and recognized by their petition to the city council to vacate a portion of the street and establish the same seventy feet wide, as proposed by the ordinance which was vetoed by the mayor. Plainly expressed these lot owners took chances on the street being narrowed. Their request in this respect was denied. Subdivision 36 of the charter of the City of Eugene, Special Laws of Oregon, 1905, page 254, empowers the city council to provide for the vacation of any street or alley, upon the petition or with the consent of not less than three fourths of the owners of the property adjoining or abutting upon such street or alley or part thereof to be so vacated. The passage of the ordinance for the partial improvement of Agate Avenue and fixing the center line of the street, without the required petition or consent, could not have the effect of vacating a portion of the street. The municipal authorities have no right to sell or dispose of streets or alleys dedicated to the public. except in the manner provided by law: *Christian* v. *Eugene*, 49 Or. 170, 174 (89 Pac. 419). It is contended on behalf of the defendants that the city is estopped from claiming a street 90 feet wide, for the reason it has never used any portion of the street outside of the 70 foot line, and has by its acts led the property owners to improve their property to that line. It is not usually expected that a city will improve all of its streets at one time. It may also if necessity requires, with the same propriety grade a portion of a street. When this street is permanently improved or paved, the work already done will not be lost. The evidence in the case does not disclose acts done by the adjoining proprietors which indicate that they in good faith, have claimed a part

of the highway as their own property, or have expended money on the faith of such a claim by adjusting their property to the highway as they claim it to be, so that such private rights are of more persuasive force than those of the public. In other words the city is not estopped by its acts from asserting its rights to the full width of this part of the street, under the rule adopted in this state in the cases of *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376, 7 L. R. A. (N. S.) 243); *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605); *Oliver* v. *Synhorst,* 58 Or. 582 (109 Pac. 762, 115 Pac. 594); *Crusen* v. *Lebanon,* 64 Or. 593 (131 Pac. 316), and *Portland* v. *Inman-Poulsen Lumber Co.,* 66 Or. 86 (133 Pac. 829, Ann. Cas. 1915B, 400, 46 L. R. A. (N. S.) 1211).

3, 4. As to that portion of Agate Avenue between 15th Street and 18th Street, along the east side of the University tract a different situation is presented. It should be remembered that in 1895 upon the petition of the owners of University Addition the County Court of Lane County ordered vacated all that part of the streets and alleys of the addition south of the south line of 15th Street as designated upon the plat. This affected the 34 acre tract. The order was acted upon. Thereafter the owners of the tract instituted proceedings in the Circuit Court for the purpose of quieting the title to the tract and registering the same. After due service and publication of notice a decree was passed adjudging the Lane County Investment Company a corporation to be the owner in fee simple and in possession of said tract; and that no other person or corporation had any interest or claim of any kind to said land; and confirming such title, and ordering the same registered as provided by the statute. After this the 34 acre tract, extending to the east line of the

Fielding McMurray D. L. C. was conveyed to the Board of Regents of the University of Oregon, for University purposes.

It is contended on behalf of the city that the County Court was without jurisdiction to order a vacation of the streets and alleys for the reason that the petition therefor did not state that University Addition was not within the limits of any incorporated city or town, and did not show that the addition was outside the boundaries of the City of Eugene, in order to conform to the requirements of Sections 3276 or 3284, L. O. L. The city limits were then fixed by the legislative charter of Eugene, and the County Court could take judicial notice of the same and also of the public survey of the D. L. C. which was named upon the plat recorded and referred to in the petition: See 17 Am. & Eng. Enc. of Law (2 ed.), pp. 894, 940, and 913. However this may be we do not deem it necessary to decide as to the force of the order of vacation of the County Court. The decree of the Circuit Court precludes the city authorities from establishing Agate Avenue as 90 feet in width, along the east side of the University tract, so as to appropriate a portion of the land belonging to the state. The Board of Regents relied upon the title to the 34 acre tract according to the decree of the Circuit Court as they had a right to do. Equity does not demand that the title to the streets and alleys in that part of what was formerly University Addition should be disturbed, at the suit of a political division of the state. Such claim is not in harmony with the agreement made by the city officials and the Board of Regents, as mentioned above.

The decree of the lower court will be modified so as to exclude from the declaration of a street 90 feet in width, all that portion of Agate Avenue over the

University tract between 15th Street and 18th Street and affirmed as to the remainder of the decree. Neither party will recover costs in this court.

MODIFIED.    REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.

---

Denied February 19, 1918.

PETITION FOR REHEARING.

(170 Pac. 731.)

On petition for rehearing. Rehearing denied.

*Mr. Sjur P. Ness* and *Messrs. Hewitt & Dillard,* for the petition.

*Mr. O. H. Foster,* City Attorney, and *Messrs. Williams & Bean, contra.*

Department 1. MR. JUSTICE BEAN delivered the opinion of the court.

In a petition for rehearing counsel for defendants urge that this is not a suit for equitable cognizance, for the reason that plaintiff has not shown that the land improved within the street is not in the possession of another. There is more than one ground for equitable interference.

It is conceded that Agate Avenue in the City of Eugene, was regularly dedicated as a public street to the width of 90 feet and that the plat and dedication were duly recorded. The fences and so forth mentioned in the answer of defendants indicate an encroachment upon this public highway.

5-7. It is also shown and unquestioned that a portion of the street is improved and occupied by the public

to the width of about 70 feet.  Where there is posses-
sion and user of a part of the street within the well-
defined limits of the dedication, record of which has
been duly made, it amounts constructively to an occu-
pation of the entire dedicated width as designated
upon the plat in so far as the possession is necessary
for the purposes of this suit: *Joy* v. *Stump,* 14 Or.
361 (12 Pac. 929).  This rule has been applied to
public highways where the question of adverse posses-
sion was involved and by analogy is applicable here:
*Bayard* v. *Standard Oil Co.,* 38 Or. 438, 447 (63 Pac.
614).  A city as trustee of streets for the use of the ·
public is in duty bound to remove all obstructions and
encroachments which materially disturb the public
user.  Any course may be adopted which is consistent
with fundamental law and is adequate and best
adapted to effect the desired result and protect the
rights of the public in the street: 28 Cyc., p. 896.  An
unauthorized obstruction of a public highway is a nui-
sance: 37 Cyc., p. 247.  The application of Section 341,
L. O. L., providing for the abatement of a nuisance,
or a summary removal, might not be appropriate in a
case of this kind, where there is a difference of opin-
ion between city officials and some dispute between
lot owners and the city.  The remedy provided by the
section of the Code for nuisances is not conclusive;
but whenever a nuisance will cause irreparable damage
or require numerous actions equity has concurrent
jurisdiction with courts of law and will enjoin continu-
ance of the objectionable conditions: *Fleischner* v. *Citi-
zens' Real Estate & Inv. Co.,* 25 Or. 119, 129 (35 Pac.
174); *Blagen* v. *Smith,* 34 Or. 394, 402 (56 Pac. 292,
44 L. R. A. 522); *Union Power Co.* v. *Lichty,* 42 Or.
563, 566 (71 Pac. 1044); *Morton* v. *Oregon S. L. Ry.
Co.,* 48 Or. 444 (87 Pac. 151, 1046, 120 Am. St. Rep.

827, 7 L. R. A. (N. S.) 344). In legal effect the encroachments upon the street in question, or trespass upon the easement, constitute a purpresture or public nuisance. One of the earliest recognized forms of public nuisance with which equity has interfered is that of purpresture. The jurisdiction of equity in cases of purpresture, as well as of public nuisances, generally rests in the necessity of preventing mischief and avoiding vexatious litigation. This remedy is more efficacious than that at law: 1 High on Injunctions (4 ed.), § 759. We therefore feel safe in holding that equitable jurisdiction in this case is founded upon solid grounds.

The petition for rehearing proceeds at great length to discuss the questions of fact. In our former consideration of this case we carefully weighed the inconvenience of the interested property owners as compared with the rights of the public. However much circumlocution may be employed, the defense is an attempt to give the report of a committee of the city council recommending the passage of the ordinance vacating a portion of the street the same effect as the ordinance would have had if it had been regularly passed instead of culminating in defeat.

The petition for rehearing is denied.

REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.