Argued January 4, affirmed January 24, rehearing denied February
14, 1928.

# MARTHA A. DABNEY *v.* CITY OF PORTLAND.

## (263 Pac. 386).

**Estoppel—Municipality may be Estopped from Asserting Property
    is Street.**

1.   While title to property, held in trust for public use by munici-
pality, cannot be acquired by adverse possession, city, in special
cases, may be estopped from asserting that property on which
improvements were made by individuals is a street.

**Estoppel—In Case of Long Nonuser of Property, Municipality cannot
    Change Its Position to Damage of Person Misled in Making
    Good Faith Improvements.**

2.   Where there has been long-continued nonuser by municipality
of property, title to which it holds in trust for public use, and
valuable and permanent improvements have been made in good
faith thereon, with its consent or acquiescence, city cannot change
its position to material damage of person misled.

**Dedication—To Estop City from Claiming Title, Its Conduct must
    have Shown Intention to Abandon Property for Street Pur-
    poses.**

3.   In suit to enjoin city from using strip of land once dedicated
to a city for street purposes, and on which plaintiff and her
predecessors made valuable improvements as part of a residence,
to authorize claim of estoppel against city, its conduct must have
caused plaintiff reasonably to believe city's intention was to aban-
don land for street purposes, and to have misled plaintiff to her
prejudice, and damage sustained must be substantial.

**Dedication—Lapse of Time, Nonuser or Improper Levying and
    Assessment of Taxes will not Estop City from Claiming Land
    Dedicated for Street.**

4.   Mere lapse of time, nonuser or improper levying and assess-
ment of taxes will not estop a city from claiming title to land
once dedicated for street purposes.

---

1.   Rights acquired as against public by adverse possession of
highway or city street, see notes in 32 Am. Dec. 719; 76 Am. St.
Rep. 492; 87 Am. St. Rep. 775; 18 L. R. A. 146.

2.   Effect of nonuser of street or highway on right of adverse
possession, see note in 14 Am. St. Rep. 281. See, also, 13 R. C. L.
64. Nonuser of highway as estoppel of public to claim title, see
note in 26 L. R. A. 469. See 13 R. C. L. 65.

Dedication—City, Never Using Once Dedicated Street, but Levying Taxes on Land, Held Estopped from Asserting Fact of Dedication.

5. Where land once dedicated for street, but never used therefor, was in good faith improved by plaintiff's predecessor in title by building thereon part of a porch of a residence and constructing a cement driveway, city was estopped from asserting, after lapse of about forty-five years, that land had been dedicated as a street, where it had levied special assessments thereon for construction of concrete sidewalk.

Adverse Possession, 2 C. J., p. 221, n. 96, 97, p. 222, n. 99.

Estoppel, 21 C. J., p. 1187, n. 88, p. 1189, n. 6, p. 1197, n. 69, p. 1199, n. 84.

Municipal Corporations, 28 Cyc., p. 842, n. 88, 89, p. 843, n. 99.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Frank S. Grant,* City Attorney, and *Mr. L. E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Grant.*

For respondent there was a brief over the name of *Messrs. Malarkey, Seabrook & Dibble,* with an oral argument by *Mr. E. B. Seabrook.*

BELT, J.—This is a suit to enjoin the defendant city from using as a street a strip of land 60 feet wide and 200 feet long, lying between blocks 17 and 20 in Hansen's Second Addition to East Portland. The disputed area would be included if East Morrison Street were extended in an easterly direction. It is the contention of the plaintiff that the city is estopped from asserting that this property has been

5. Assessment of property as estopping municipality from claiming its dedication for public use, see note in L. R. A. 1916B, 1179. See, also, 13 R. C. L. 66.

dedicated as a street. Such question involves the careful consideration of the facts. Reference to the following plat may be helpful to an understanding of the case:

## N.

## Block 17.

In March, 1880, H. Hansen, who was the owner of a tract of acreage in East Portland, platted a certain portion thereof into blocks, lots and streets, but expressly stated that the streets dedicated should be south of "O" Street, now called Belmont Street. This did not include what was then designated on the plat as "N" Street or what is now known as East Morrison Street. We think, however, that by subsequent conveyances, wherein reference to the plat was made, upon which was shown "N" Street, the dedication of the property in question for street purposes was effected. At the time of Hansen's death in 1892, and for many years prior thereto, he maintained his

residence in Block 17, shown above as the Dabney residence. When Hansen died, there was, in the disputed area, an old well-house and well, besides a few trees and some shrubbery. In 1905 plaintiff's husband purchased Blocks 17 and 20. In 1907, he materially improved the property in controversy by removing the well-house, filling up the well, strengthening the sides of a concrete cistern and planting additional trees and shrubbery. He also altered and repaired the house by erecting another story and building a porch on the south and east ends, at a cost of $1,500. This porch extends about four feet into what is claimed by the city as a street. After grading the same, the entire area was put into a beautiful lawn. In 1909 a cement driveway extending from East 28th Street to East 29th Street was constructed at a cost of $1,500. Cement steps and walk were also built leading from the porch to the driveway. When Mr. Dabney decided to construct the cement driveway he made application to the city for a permit to do so, but such was refused. The civil engineer in reference to the matter testified:

"I told Mr. Dabney they were public streets and that I would issue no permit; Mr. Dabney said it belonged to him; he thought he had a perfect right to apply for a permit and I told him, 'You go ahead'— he said he was going to do it, and I said, 'You go ahead if you wish—I won't issue you a permit, but if you start to do it I wish to warn you that I will have you arrested and we will settle it in the courts.'"

In 1908 the city levied a special assessment on this property now claimed as a street, to cover the expense of an improvement on East 28th Street, and such was paid by Mr. Dabney. Taxes since the year 1908 have been assessed upon this property and have

been paid by either the plaintiff or her husband. In 1907 a concrete walk was constructed by the city on the east side of East 28th Street, and across the west end of the property in dispute, in a manner to indicate that there was no intention on the part of the city to extend East Morrison Street so as to include the disputed area.

In concluding the statement of the case it may well be said that the city at no time has undertaken to exercise any control or dominion over the property as a street.

1. We think the doctrine of estoppel *in pais* applies. Whatever may be the authorities elsewhere, it is well established in this jurisdiction that, while title to property held in trust for public use by a municipality cannot be acquired by adverse possession, special cases may arise where, in the interests of equity and justice, a city may be estopped from asserting that the property upon which the improvements were made is a street: *Schooling* v. *Harrisburg,* 42 Or. 494 (71 Pac. 605); *Oliver* v. *Synhorst,* 48 Or. 292 (86 Pac. 376, 7 L. R. A. (N. S.) 243); *Cruson* v. *City of Lebanon,* 64 Or. 593 (131 Pac. 316); *Booth* v. *City of Prineville,* 72 Or. 298 (143 Pac. 994, L. R. A. 1915B, 1084); *Barton* v. *Portland,* 74 Or. 75 (144 Pac. 1146).

2, 3. Where there has been long-continued nonuser by a municipality and valuable and permanent improvements have been made with its consent or acquiescence, in good faith, equity will not permit the city to change its position to the material damage of the person thus misled. The groundwork of equitable estoppel is a species of fraud. The conduct of the city must have been such as to have caused the plain-

tiff reasonably to believe that it was the intention to abandon this strip of land for street purposes. Plaintiff must have been misled to her prejudice, and the damage sustained must be of a substantial character thus to invoke the aid of equity. *Schooling* v. *Harrisburg, supra,* and *Oliver* v. *Synhorst, supra,* are particularly applicable and it is deemed unnecessary to make an extended restatement of the law there announced. Indeed, counsel do not materially differ as to what constitutes estoppel *in pais.* It is rather a question of its application to the facts in this case. No hard and fixed rule can be stated for determining when this principle should be applied. Each case must be considered in the light of its own particular facts and circumstances.

4. Mere lapse of time, nonuser nor improper levying and assessment of taxes will not constitute an estoppel (*City of Clatskanie* v. *McDonald*, 85 Or. 670 (167 Pac. 560), but certainly these are factors to be taken into consideration. As stated in *Reuter* v. *Lawe,* 94 Wis. 300 (68 N. W. 955, 59 Am. St. Rep. 892):

"The taxing of the property thereafter as private property is a strong circumstance favoring such private ownership and abandonment, to be considered with all the other circumstances in determining whether Lawe was justified in treating it as so abandoned and incurring expense in taking care of and improving the same as discharged of any public right thereto."

Also see *Gervasoni* v. *City of Petaluma,* 189 Cal. 306 (208 Pac. 120); *Webber* v. *Iowa City,* 119 Iowa, 633 (93 N. W. 640); *Davenport* v. *Boyd,* 109 Iowa, 248 (80 N. W. 314, 77 Am. St. Rep. 536); 10 R. C. L. 712.

5. This is not a case of mere nonuser by the city, but the record discloses affirmative acts, such as the special assessment proceedings and the construction of the concrete walk, whereby a person might reasonably reach the conclusion that the property had been abandoned for public use. It is believed that the plaintiff and her predecessors in title acted in good faith in making these improvements. Dabney was threatened with arrest if he undertook to construct the cement driveway, but, nevertheless, he built the same under a claim of right and no objection was ever made by the city until recently against the use of the property for private purposes. That the improvements are of a valuable and permanent nature is beyond question. To permit the city to destroy these valuable improvements after a lapse of all these years, without compensation to the owner, would, under the facts and circumstances, amount to the perpetration of a fraud. If the city desires this property for street purposes, it may acquire it under the power of eminent domain.

Other questions presented by the appellant have been considered, but are deemed without merit.

The decree of the Circuit Court enjoining the city from interfering with the property rights of the plaintiff is affirmed.

AFFIRMED.   REHEARING DENIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.