## IN RE APPLICATION OF DELORES REIN AND ANOTHER TO REGISTER TITLE TO CERTAIN LANDS v. TOWN OF SPRING LAKE AND OTHERS.

145 N. W. (2d) 537.

September 9, 1966—No. 40,078.

*Louis J. Moriarty* and *Irving M. Frisch,* for appellant.
*Julius A. Coller II,* for respondent.

FRANK T. GALLAGHER, C.

Appeal by the town of Spring Lake from an order of the district court denying its motion for a new trial.

On November 8, 1962, Delores Rein and Joseph C. Rein filed an application with the clerk of District Court of Scott County to register title to certain land described as follows:

"Lot One (1), Block Forty-six (46) and a strip of land 30 feet wide adjacent to the East side of and running parallel with said Lot One (1), Block Forty-six (46), all in the Townsite of Spring Lake, Scott County, Minnesota, according to the plat thereof on file and of record in the office of the Register of Deeds in and for said county and state."

The 30-foot strip described was marked out and designated as 10th Street in the original plat of Spring Lake, the plat being filed with the register of deeds, Scott County, on December 30, 1857. The southern terminus of 10th Street is on Spring Lake and from there it runs northerly to intersect with Lake Street. The street was never actually constructed except that a small portion of it had been used as a driveway for access to a pavillion located close to the lake.

Maggie Condon purchased Lot 1, Block 46, in 1907 and conveyed this lot and the adjacent 30-foot strip now in question to Adolph W. Dierke on October 1, 1931. In 1951 Dierke conveyed the same to Harry G. Unze, who conveyed it to the applicants in 1955. In 1956 the applicants made improvements on the premises and erected a $24,000 home with a frontage of 60 feet. About 9 feet of this house extends over and

occupies part of the 30-foot strip in question. The strip has been assessed and taxes have been paid thereon since 1951.

In asking that the application be dismissed, appellant alleged that the plat or map of the town of Spring Lake has been duly recorded since December 1857; that it is on file and record in the office of the register of deeds of Scott County; that the applicants had no right, title, interest, or claim of any nature in any part of the 30-foot strip; and that the right of possession to such strip of land is vested in the public for the public welfare.

After a hearing the trial court found among other things that the plat of Spring Lake as prepared in 1857 has remained unmodified; that 10th Street has never been open to travel or any improvements made thereon to make it suitable for a street; that the terrain of such street as designated on the plat was not at all adaptable to street use; and that the laying out and opening of such street for travel and use as a street would be impractical and costly. It also found that the street was not necessary for furnishing access to Spring Lake in that the township had provided other means of public access in the immediate vicinity. It further found that the applicants and their grantors and predecessors in title have been for more than 15 years prior to the commencement of these proceedings in actual, hostile, exclusive, open, continuous, and notorious adverse possession of the above-described property, including the 30-foot strip; that in assuming dominion over the property in question and in making improvements thereon the applicants acted in good faith in the belief that the 30-foot strip had been abandoned as a street by the appellant; that despite the fact that applicants openly occupied and made improvements on the tract, no member of the town board of Spring Lake or any other member of the general public ever made any objections thereto, nor was any objection ever made to the occupancy or improvement of the premises by the applicants until after the commencement of these proceedings for registration of the title; that should applicant be required to vacate the premises or any part thereof, he would suffer financial loss; that during the institution of these proceedings, Delores Rein, one of the applicants, died, and Joseph C. Rein, as surviving joint tenant, is the owner of the above-described prem-

ises; and that none of the defendants have any right, title, interest, claim, or demand in or to the above-described premises.

The court concluded that the portion of 10th Street designated as such on the plat and here sought to be registered had been abandoned as a street by appellant and that appellant is estopped to assert any claim or right with respect to said portion of 10th Street; also that the surviving applicant Rein is the owner of and entitled to have registered in his name in fee simple the above-described property (including the 30 feet), and ordered judgment accordingly.

Appellant makes numerous assignments of error as to the findings of fact and conclusions. Our review on an appeal from an order denying a new trial is limited to those grounds assigned as error in the notice of motion. 1 Dunnell, Dig. (3 ed.) § 395. We shall review the assignments which we consider pertinent to our decision in this case.

Appellant contends that the court erred in its conclusion that the portion of 10th Street designated as such on the plat has been abandoned as a street and that the appellant is estopped to assert any claim or rights with respect to said portion of the street. The trial court in its memorandum considered that the general rules applicable to the issue of abandonment of public streets were properly stated in City of Rochester v. North Side Corp. 211 Minn. 276, 1 N. W. (2d) 361, and Dabney v. City of Portland, 124 Ore. 54, 263 P. 386.

In City of Rochester v. North Side Corp. *supra,* we held that an estoppel arises where the municipality has abandoned the use of a dedicated street and where it encouraged the making of permanent improvements by issuing a building permit and performed other affirmative and unequivocal acts indicating an intention to abandon. In Dabney v. City of Portland, *supra,* the court emphasized the necessity of affirmative and unequivocal acts by the municipality indicating its intention to abandon the land in question. We do not consider either of those cases as controlling here, as in each there were acts which indicated an abandonment by the municipality which do not exist here. Appellant cites Village of Newport v. Taylor, 225 Minn. 299, 30 N. W. (2d) 588, and other cases [1]

___

[1] See, also, City of Fergus Falls v. Whitlock, 247 Minn. 347, 77 N. W.

as controlling. That case involved an action to enjoin the owners of property abutting a duly platted and designated public street from maintaining certain buildings and structures that encroached on said street. There was no evidence of an abandonment of the street involved other than that of nonuser. We held that abandonment is a question of intention and nonuser is only an evidentiary fact aiding in its determination; that mere nonuser for any length of time will not operate as an abandonment of a public street; and that nonuser, coupled with failure to remove obstructions erected by abutting property owners or others, would not constitute abandonment. See, also, Stadtherr v. City of Sauk Center, 180 Minn. 496, 231 N. W. 210.

We stated in the Newport case that an intention to abandon is not established by negative or equivocal acts, and that long-continued nonuser, in order to constitute abandonment of a public street dedicated to public use pursuant to statute, must originate in or be accompanied by some affirmative or unequivocal acts of the municipality indicative of an intent to abandon and inconsistent with the continued existence of the easement. In holding that mere nonuser is insufficient to provide a basis for estopping a municipality, we referred to the reason for the rule as expressed by Mr. Justice Mitchell in Parker v. City of St. Paul, 47 Minn. 317, 318, 50 N. W. 247, 248, when he said that "[t]he rights of the public are seldom guarded with the degree of care with which owners of private property guard their rights, and, consequently, acts or omissions which might weigh heavily against private persons cannot always be given the same force against the public." The justice further reasoned in the Parker case that streets and levees are often laid out on land acquired for or dedicated to such purposes with reference to the future, as well as present requirements, and that therefore it was not legitimate to assume that the property had been abandoned merely because it had not yet been used by the public.

In the Newport case we also held that long nonuser, although accompanied by acquiescence by a municipality in the occupancy of a platted

(2d) 194; In re Application of Stein to Register Title, 256 Minn. 485, 99 N. W. (2d) 204.

but unopened street by abutting property owners, was not sufficient without more to raise an estoppel against the municipality in that such occupants are presumed to hold possession, subject to the permanent rights of the public.

As illustrative of the essentials necessary to raise an estoppel against a municipality, this court distinguished City of Rochester v. North Side Corp. *supra,* from Village of Newport v. Taylor, *supra,* and in our opinion from the case before us in the following language (225 Minn. 307, 30 N. W. [2d] 593):

"* * * we have the recent decision of City of Rochester v. North Side Corp. 211 Minn. 276, 1 N. W. (2d) 361. The actual rule of the Rochester case is to be determined in the light of the facts involved therein. The city brought suit to enjoin the maintenance and to compel the removal by defendants of certain buildings located in or on Broadway street north. This street, as platted in 1857, extended in a north-south direction. The street as physically laid out and constructed deviated from its physical location by a curve running first east and then west back to the platted course. The buildings sought to be removed were located in part upon the platted street, which because of a deviation in the constructed route had been left unopened and unimproved. One of these buildings had been there for over 40 years. Defendants and their predecessors in interest had erected these buildings in good faith and in reliance upon certain affirmative acts indicating an abandonment of the street area in question. These affirmative acts, which in addition to long-continued nonuser provided a basis for an estoppel, were: (1) The actual physical relocation of the street and its improvement and maintenance as relocated over a period of many years; (2) the laying of municipal sewers and water mains in the street as relocated; and (3) the issuance by the city of Rochester of building permits authorizing defendants and their predecessors to erect the buildings in question upon the unoccupied though platted street area. Clearly, the Rochester case is of no comfort or aid to defendants."

We have considered other assignments of error raised by appellant with regard to the trial court's findings. Although we are not satisfied that

the evidence substantiated such findings, we do not consider the assignments raised on those points as material. From the record it is our opinion that the evidence was not sufficient for the trial court to find that the street in question had been abandoned by the appellant or that it was estopped from asserting any claim or right with respect to 10th Street.

Remanded so the parties may be heard with respect to the matter of registering the title to Lot 1, Block 46, in the name of Joseph C. Rein, the surviving joint tenant.

