## AUSTIN v. BREMER COUNTY.

1. **Estoppel:** TAX SALE: SWAMP LANDS.  Where a county has assessed lands and levied taxes upon them, and sold them for delinquent taxes, it cannot afterward set up title in itself, based upon the fact that the lands were swamp, to defeat the title of the tax purchaser.

2. **Practice in the Supreme Court:** ABSTRACT.  Cases triable *de novo* in the Supreme Court are tried upon the abstract, and the evidence is not consulted, except in cases of a difference in the abstracts, when an amended one is filed.  Where there is a failure to comply with the terms of a stipulation that the evidence should be certified up in full, the attention of the court should be called to it by motion.

*Appeal from Bremer Circuit Court.*

THURSDAY, OCTOBER 5.

THIS is an action to quiet in plaintiff, as against defendant, the title to the south-east quarter of section 10, township 93, range 12.  The cause was tried by the court.  The plaintiff offered in evidence the following testimony:  A certified copy of the book of original entries, page 112, showing that the land was entered by Jacob and Frederick Robi, under certificate 35,136, on the 4th of September, 1855.  A deed from the treasurer of Bremer county to Pitt Cook, conveying the land in suit as sold for the delinquent taxes for the years 1859 and 1860, executed on the 27th day of January, 1867, and duly recorded.

The record of a deed from Pitt Cook and wife to Henry D. Moore, executed on the 12th of March, 1868.  A deed from Henry D. Moore and wife to plaintiff, J. B. Austin, executed on the 27th of March, 1869, all duly recorded, and conveying said land.

The defendant introduced the following testimony:  The duly certified copy of the book of original entries on page 16, showing that the north-west quarter of the south-east of section 10, township 91, range 12, was entered by Jacob and Frederick Robi, under certificate 35,136, on the 4th of September, 1855.  A list of the swamp and overflowed lands,

lying in the county of Bremer, selected and returned by Jeremiah Farrington, locating agent, under the authority of Jeremiah Farris, judge of said county, and according to an Act of the General Assembly of the State of Iowa, approved January 19, 1853, duly certified, sworn to, and filed in the office of the clerk of the District Court of Bremer county, on the 25th day of March, 1859; which list showed that the land in controversy was selected as swamp land. The deed from the State of Iowa to Bremer county, conveying the land in controversy as swamp land, duly executed on the 28th day of December, 1860, and recorded in the office of Secretary of State, as well as in the office of recorder of Bremer county.

This being all the evidence introduced, the court dismissed plaintiff's petition, and quieted the title to the land in controversy in defendant. Plaintiff appeals.

*Dosh Brothers & Carstens*, for appellant.

*Gray, Dougherty & Gibson*, for appellee.

DAY, J.—I. The county, having assessed the lands and levied taxes upon them, sold them for the delinquency, and

1. ESTOPPEL: tax sale: swamp lands. through its treasurer deeded them to Cook, under whom the grantor of plaintiff derived title, cannot now be permitted to set up title in itself upon the ground that the property was not subject to taxation at the time of assessment and sale. *Adams County v. B. & M. R'y Co.*, 39 Iowa, 507, and cases cited.

II. Appellee, in the argument, but in no other manner, excepts to the sufficiency of the abstract to warrant a trial *de*

2. PRACTICE in the Supreme Court: abstract. *novo*. The abstract states that it contains all the testimony. There is attached to the abstract an agreement to waive the written transcript, except as to the evidence, which is to be certified up in full. Appellee, in his argument, says this has not been done. If it has not, the attention of the court should have been called to the fact by motion. We try cases upon the abstract.

If the original evidence had been certified up, the court would not have looked into it, except to settle a controversy

in the abstracts as to what it contains. The appellee prepared no amended abstract; hence, the correctness of appellant's abstract is conceded. We have no occasion for the original evidence, and will not refuse to try the case simply because it is not on file, if it be not on file, a fact of which we have no proper information.

The judgment of the court below is

REVERSED.