THE CITY OF DAVENPORT, Appellant, v. THOMAS BOYD *et al.*

**Municipal Corporations:** ESTOPPEL TO CLAIM LAND. Where a city taxed property and levied special assessments on it for thirty years, and defendants occupied it under a claim of right for nineteen years, during which time it does not appear that he deceived or misled the officers of the city, nor that he was guilty of any bad faith, and during all this time the right of the city to the property could have been readily ascertained, it is estopped to claim the same as against defendant, even though the statute of limitations may not run against a municipal corporation.

*Appeal from Scott District Court.*—HON. P. B. WOLFE, Judge.

THURSDAY, OCTOBER 12, 1899.

ACTION to recover the possession of a tract of land. There was a hearing as in equity on the merits, and a judgment in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*E. M. Sharon* for appellant.

*Davison & Lane* for appellee.

ROBINSON, C. J.—The material facts admitted or established by the evidence are as follows: The land in controversy is a strip of ground sixty feet in width and one hundred and seventy-eight feet in length, between Harrison and Ripley streets, which extend from north to south, and is claimed by the plaintiff to be a part of Seventh street, which is sixty feet wide, and extends from east to west, and would constitute a part of that street if it were made continuous. The defendant claims to be the absolute owner of the tract. In the year 1852 it was included in the plat of McIntosh's Second addition to the city of Davenport, as an unnamed tract between two blocks. It was replatted in the year 1856, and the tract shown as a part of Seventh street. A portion of the property of which it had been a part was again replatted in the year 1878 by one Watkins, who then owned it, and the tract in controversy was then shown as an unnamed tract between two blocks. In October, 1879, Watkins executed to the defendant a quitclaim deed for the tract, describing it as a strip of land sixty feet in width, adjoining the south side of the west half of original block 1 of McIntosh's Second addition to the city of Davenport. At the same time the defendant purchased of Watkins the two lots in the block described, north of and adjoining the tract in question.

Within a few weeks after receiving the deed he moved a house onto the tract, and has since held possession of it. The highest part of the tract was about twenty-five feet above the grade of the street, and the defendant leveled it at a cost of three hundred dollars. Although the defendant took possession of the land under a quitclaim deed, and should have known that it did not vest in him the title of the tract, he appears to have claimed to own it since he obtained the deed, and has in all respects treated it as his own. The city taxed it from the year 1867 until the year 1896, inclusive, as "the sixty-foot south of the west half of block 1, McIntosh's addition (Second) to the city of Davenport," and the defendant has paid all the taxes so levied since he obtained the deed from Watkins. A sewer tax was also levied against the tract, and all of the installments due when this action was commenced had been paid by the defendant. Three years before the trial he was required by the plaintiff to construct a sidewalk in front of the tract, and did so. He claims title through the conveyance by Watkins to him, and by adverse possession, and alleges that the plaintiff is estopped by the course it has pursued respecting the tract from claiming title to it.

The defendant has failed to show a valid title to the tract acquired through the Watkins conveyance, and for the purposes of this case it may be conceded, as claimed by the plaintiff, that the statute of limitations will not run against a municipal corporation. See *City of Waterloo v. Union Mill Co.*, 72 Iowa, 437 ; *Taraldson v. Town of Lime Springs,* 92 Iowa, 187. But it is the well-settled rule in this state that counties, cities, and towns may so deal with real property within their limits as to be estopped to assert title to it; and that has most frequently occurred by refraining from exercising acts of ownership over the property, by treating it as owned by private persons, and by subjecting it to the payment of various public charges. Thus in *Smith v. City of Osage,* 80 Iowa, 84, it was said, "The city will be estopped to set up any claim to land to which the

right of public use has been abandoned by subjecting it to taxation as private property," and numerous decisions of this court were cited to sustain that statement of the law. The case of *Simplot v. City of Dubuque*, 49 Iowa, 630, is in some respects much like this case, and in that it was held that the right of the city to occupy the land there in controvery for the purposes of a street must be regarded as abandoned, and that the city was estopped to deny the right of the plaintiff to the land. See, also, *Austin v. Bremer Co.*, 44 Iowa, 155; *Audubon County v. American Emigrant Co.*, 40 Iowa, 460; *Adams County v. Railroad Co.*, 39 Iowa, 507; *Iowa R. R. Land Co. v. Story County*, 36 Iowa, 48. The cases of *Smith v. Gorrell*, 81 Iowa, 218, *Orr v. O'Brien*, 77 Iowa, 253, and *Davies v. Huebner*, 45 Iowa, 574, furnish illustrations of the rule that there may be an estopped by abandonment and adverse occupation under claim of right for more than ten years. In this case the city, as we have seen, taxed the property and levied special assessments upon it for thirty years, and the defendant occupied it under a claim of right for nineteen years, before this action was commenced. It does not appear that the defendant deceived or misled the officers of the plaintiff, nor that he was guilty of any bad faith. The rights of the plaintiff could have been readily ascertained at all times. In view of the well-established facts of the case, we are of the opinion that it is governed by the rule of *Smith v. City of Osage, supra,* and similar cases. It follows that the judgment of the district court was right, and it is AFFIRMED.