BERTHA CHRISTOPHERSON, Appellant, v. INCORPORATED TOWN
OF FOREST CITY, Appellee.

MUNICIPAL CORPORATIONS: Streets and Alleys—Adverse Pos-
session—Failure to Accept Dedication—Estoppel. Adverse pos-
session of a public highway is a plea that will not avail against
a municipal corporation, but all right of such corporation in and
to a duly dedicated highway may be irrevocably forfeited, (1) by
long delayed failure to accept the dedication thereof, either (a)
by ordinance or (b) by acts indicating an implied acceptance, or
(2) by conduct working an estoppel to insist on such right to the
highway, even though there has been an acceptance of the dedica-
tion.

PRINCIPLE APPLIED: A town plat gave the size of lots as
66x132 feet, and the width of streets and alleys as 66 and 33 feet,
respectively. Block 60, with streets on the north, east and south,
and an unnamed strip on the west, was divided into Lots 1, 4, 5
and 8, numbering in said order from the north. Between Lots 4
and 5, the plat showed an unnamed 33-foot strip; but nothing in
the appearance of the ground indicated that it was an alley. A
corresponding 33-foot strip appeared in the block to the east of
Block 60, but no such strip appeared in the block to the west.
Block 60 was always conveyed by said block and lot numbers only.
An early owner, and the one preceding plaintiff, built his fences
as directed by a survey of the block. Plaintiff bought the block,
and was assured by her grantor and by the county surveyor that
the fences, which, up to that time, had never been questioned, and
which entirely enclosed the block, were correct boundary lines.
Buildings and other improvements were erected with reference to
these fences. A former owner built a barn across one end of this
33-foot strip. When plaintiff bought the block, this 33-foot strip
south of Lot 4 and the adjacent land were low, wet, swampy and
*unusable*. Plaintiff redeemed all this land by filling in with dirt
from a near-by street, *thus rendering it fit for use*. After owning
the block for 17 years, plaintiff sold Lots 5 and 8, and for the first
time learned of the claim that there was a 33-foot alley south of
Lot 4. During all this time, the city authorities knew that plaintiff
and her grantor were claiming *a right to the entire block*, yet they
made no claim to the alley, nor did they object to any of said

improvements.    30 years after the dedication, and 20 years
after the entire block was first fenced, the city sought to open the
alley.   Up to this move on the part of the city, there had never
been an acceptance of the dedication, by ordinance or by acts.

> *Held,*   1. The city had forfeited its right to accept the dedication.
>          2. Conceding, *arguendo,* that there had been an implied
>             acceptance by the city of the dedication, the city
>             was estopped to insist on any right to the alley.

MUNICIPAL CORPORATIONS:   Streets and Alleys—Long Posses-
2  sion Under Mistake as to Boundary—Improvements—Estoppel.
The *fencing* in of part of an open and traveled public street, and
the planting of *trees* and *shrubbery* on such enclosed part of the
street, followed by 20 years' possession of such part, under the
bona fide belief that such fence marks the correct boundary line
between the street and lot, will *not* estop the municipality from
opening the street to its full width, on discovering that said im-
provements are within the public highways.

MUNICIPAL CORPORATIONS:   Streets and Alleys—Dedication—
3  Acceptance.   Principle recognized that an acceptance, express
or implied, of dedicated public streets and alleys, is a condition
precedent to the right of the city or town to assert any right in
and to such streets and alleys.

MUNICIPAL CORPORATIONS:   Streets and Alleys—Abandonment
4  —Estoppel Based on Improvements—Non-necessity for Color of
Title.   One who has, without objection from a municipality,
made valuable improvements upon a strip of ground originally
dedicated as a public alley, in the bona fide belief and claim, *but
without color of title,* that he owns said strip, may, on showing
that the municipality has never expressly or impliedly accepted
said dedication, quiet title against said municipality, on the basis
of both abandonment and estoppel.

MUNICIPAL CORPORATIONS:   Streets and Alleys—Dedication—
5  Acceptance—Presumption.   Acceptance by a municipality of a
dedication of land for streets and alleys being shown, the pre-
sumption prevails that such acceptance was as broad as the
dedication.

*Appeal from Winnebago District Court.*—J. J. CLARK, Judge.

SATURDAY, DECEMBER 16, 1916.

THIS is a controversy over the boundary lines of plain-
tiff's property in the town of Forest City.   The defendant
claims that plaintiff's fences, trees, etc., are out in the streets

which are on three sides of her property, and that a public alley to the south thereof has been completely enclosed by her; and, as defendant was threatening to open said alley and to remove her fences, she brought this action to quiet her title in all the property claimed by her, and to enjoin defendant from opening the alley, or from in any way interfering with her possession of the property, as claimed by her. Upon a hearing to the court, plaintiff's north and west lines, as claimed by her, were established, but her east line was removed a few feet to the westward, and the alley to the south was ordered opened. Both parties appeal; but, as plaintiff alone perfected her appeal, and defendant is not now seriously insisting upon more relief than was granted it on the north and west sides of plaintiff's property, we shall consider nothing but plaintiff's appeal.—*Modified* and *Remanded.*

*B. J. Thompson* and *Alan Loth,* for appellant.

*H. A. Brown,* for appellee.

DEEMER, J.—The ground upon which the original town of Forest City is located was platted in September of the year 1856. By the terms of dedication, the lots in question

1. MUNICIPAL CORPORATIONS: streets and alleys: adverse possession: failure to accept dedication: estoppel.

were 132 feet long by 66 feet in width, the streets were 66 feet and the alleys 33 feet in width, and the "relative situation of lots, streets and alleys shown by plat, corners designated as the law directs." On this plat is shown what is known as Block 60, bounded on the east by Eighth Street, on the north by I Street, and on the south by G Street. There was a vacant space left on the plat to the west of the property in question, which was not marked in any way. To the westward was what is known as Schoolhouse Square. The block was divided into lots, numbered 1, 4, 5 and 8, and between Lots 4 and 5 was an unnamed strip, approximately 33 feet wide, which is now claimed by defendant as an alley. This alley, if it was one, did not run

through the schoolhouse block; but there was a similar strip in the block immediately to the east, corresponding with the one through Block 60.

The situation is shown upon the plat hereto attached.

Why the plat was made with such irregular blocks and streets is not disclosed by the testimony. The town of Forest City was not incorporated until the year 1878. Plaintiff purchased her property from one Felter, in the year 1883; and, while he (Felter) owned it, he had the county surveyor locate the boundaries of his lots and set his fences accordingly. When he sold to plaintiff, he pointed out the boundaries, according to the fences set by him, which, down to that time, had not been questioned. The entire block was, at that time, fenced on all four sides, and there was nothing on the ground indicating that there was an alley running east and west through the strip. Plaintiff's deed, however, described the property as Lots 1, 4, 5 and 8, in Block 60, Forest City, and the deed to Felter contained the same description. After plaintiff purchased the property, she went to the county surveyor, and was informed that the fences then around the block marked the true boundaries of the land. Thereafter, plaintiff improved her property with reference to these fences,

erected a dwelling house, a barn, and some other outhouses, filled in and graded the lots, which were at some places low and swampy, and set out trees and shrubs. In the year 1900, plaintiff sold Lots 5 and 8 in said block to one Holmes, and Holmes thereafter sold the property purchased by him to one Hewitt, who is now the owner thereof, the description being the same as in the deed to Felter. Hewitt was desirous of erecting a garage on or near his property, and discovering, some time in the year 1912, what he thought to be an alley between his property and that belonging to plaintiff, he went to the city council to have this alley opened. The council then concluded to do this, and at the same time to open the street west. This action followed.

I. In the petition, plaintiff describes her property as follows:

"Commencing at a point 26 feet west and 36 feet south of a certain stone buried in the center of the intersection of Eighth and I Streets of said town; thence west 109.5 feet; thence south 166.5 feet; thence east 109.5 feet; thence north 166.5 feet to said point of beginning. Said premises including Lots 1 and 4 of Block 60 of the original plat of said town."

This description was evidently made upon the theory that, if there be any property outside the lots deeded to her, Nos. 1 and 4, she is entitled to it by adverse possession, acquiescence, or estoppel. We have disposed of the controversy as to the north and west lines, and need refer only to the east and south ones. Plaintiff practically concedes that there was a tract of land between Lots 4 and 5 in Block 60 which was not covered by her deed, although she says, and there is testimony to the effect, that she did not know of this until about the time she sold Lots 5 and 8 to Holmes, and that she did not until that time actually know that there ever was an alley or strip running through the block which was dedicated for an alley or other public purposes.

As to the east line, she, of course, knew there was a street at that point, but she thought the line was the fence which Felter pointed out to her, and did not know to the contrary until about the time this litigation

2. MUNICIPAL COR-PORATIONS: streets and alleys: long possession under mistake as to boundary: improvements: estoppel.

was commenced. There was, as we have said, a street which was open to travel on that side of the block, and the only question was as to the true line. She is in no position to claim any part of that street through adverse possession, for the statute of limitations does not run against the government or any of its instrumentalities, including a town or city. *Quinn v. Baage,* 138 Iowa 426; *City of Waterloo v. Union Mill Co.,* 72 Iowa 437; *Taraldson v. Incorporated Town of Lime Springs,* 92 Iowa 187; *McElroy v. Hite,* 154 Iowa 453; *Bridges v. Incorporated Town of Grand View,* 158 Iowa 402, 404. The town, however, may, by conduct, estop itself from claiming to the true line, as by permitting the owner to make valuable improvements with reference to another line, without making any objections thereto. But as a rule, the erection of fences, or the planting of shrubbery or trees, will not be such an improvement as is here referred to. *Johnson v. Town of Shenandoah,* 153 Iowa 493; *Bridges v. Grand View, supra.*

If plaintiff is entitled to maintain a line which is not the true one, against the city, she must show something else, aside from the fact that she or her grantor built fences, and

3. MUNICIPAL COR-PORATIONS: streets and alleys: dedication: acceptance.

set out trees and shrubs. She claims, however, that the line as claimed by her is the original and true boundary line, and, in addition thereto, claims that, before building some sidewalks and making some other improvements, the defendant town, through some of its officers, agreed to the line as now claimed. With reference to the alley, it is said that the town never accepted the dedication thereof; that it never was opened or improved, save as she caused the land to be filled, as she did all of her property adjacent thereto, and reclaimed

the same; that, even if an acceptance is to be implied, the town, by inaction and failure to open or improve the same, abandoned the alley; and that she is entitled to the whole thereof, on these grounds. While there is no doubt that the original dedicator of the town plat intended to dedicate to the public an alley between Lots 4 and 5 in this Block 60, and did all that was necessary to this end, yet it is well settled that acceptance on the part of the public is essential to complete the dedication. *Blennerhassett v. Incorporated Town of Forest City,* 117 Iowa 680; *Burroughs v. City of Cherokee,* 134 Iowa 429; *Incorporated Town of Cambridge v. Cook,* 97 Iowa 599; *Uptagraff v. Smith,* 106 Iowa 385; *Bradford v. Fultz,* 167 Iowa 686; *De Castello v. City of Cedar Rapids,* 171 Iowa 18. This acceptance may be by ordinance, or by acts and conduct indicating an implied acceptance; but something must be done, indicating an intent on the part of the public to treat the dedication as acceptable to it. Here there was nothing of that kind.

Before the property was filled in, with earth taken from the street west of the property, it was low, swampy and wet at the east end of the supposed alley, and the ground rose rather steeply, until it reached the courthouse square, where there was an abrupt rise of the surface. The alley could not be used in its then condition, and it was not fit for use as such until plaintiff filled in the swampy and wet places. Even then, no one made any claim to an alley, until the man owning Lot 5 saw an opportunity to use it. He stirred the town into action, but this was not until more than 30 years after the dedication, and more than 20 years after the alley had been fenced as a part of Block 60. Such a delayed acceptance is not regarded as sufficient in law. See *Burroughs* case, supra.

Again, the town stood by and saw the plaintiff filling in the low places in the block and redeeming it for cultivation; saw one of plaintiff's grantors build a barn across the east end of this supposed alley; and, although it at all times had

notice that plaintiff's grantor and plaintiff herself were claiming that all this property belonged to them, it made no objections to the improvements, but permitted the then owners of the block to treat it as if there were no alley there. In such circumstances, an estoppel arises against the town which forbids it to claim that the property is an alley, and to assert that it may accept the dedication at any time it chooses, no matter what the conduct of the owners of adjoining property, who think that the property is theirs and claim it as of right. *Johnson v. Town of Shenandoah,* 153 Iowa 493; *City of Davenport v. Boyd,* 109 Iowa 248; *Zollinger v. City of Newton,* 172 Iowa 352. It is not essential that plaintiff's deed should cover the disputed

**4. MUNICIPAL CORPORATIONS: streets and alleys: abandonment: estoppel based on improvements: non-necessity for color of title.**

strip; in fact, if that were the rule, there never could be an estoppel or adverse possession in any case, save where there was an apparent record title to the land. Claim of right is sufficient, although there be no color of title. See cases hitherto cited, and *Goulding v. Shonquist,* 159 Iowa 647. Even if plaintiff had no title, she was in possession of the property under claim of right, and is entitled to have that possession protected as against one having no right or interest in the matter.

We shall not set out the testimony in support of our conclusion. It is enough to say that we find no acceptance of the alley on the part of the town, and, even if such acceptance might be presumed, the town has so conducted itself as to indicate an abandonment of the same, or has estopped itself from claiming the alley.

II. As to the east line or boundary of plaintiff's property, the case is somewhat different. There was an acceptance by the town, and recognition by all the owners

**5. MUNICIPAL CORPORATIONS: streets and alleys: dedication: acceptance: presumption.**

of the property, of a street east of the block. The question now is as to the width of the street. The acceptance is presumed to be, and was, in fact, as broad as the grant.

There is no estoppel here, because neither plaintiff nor her grantors made any such improvements as would estop the city from claiming that the street was as the·plat stated it, 66 feet in width. Nothing was done by plaintiff or her grantors in the way of improvements, except to set out fences and trees, and perhaps some shrubbery at the south end of this east line. No permanent improvements were made which called for any protest from the city. We have many times held that the building of fences and the setting out of trees do not amount to an estoppel. See cases hitherto cited.

The only difficulty in the case with reference to this east line arises out of the fact that it is somewhat difficult to tell from the testimony just where this east line is, as established by the dedicator. Taking the entire testimony with reference to the surveys and the use made of the property, we are constrained to hold that this east line was sufficiently identified with reference to known and established monuments, surveys and plats, and that plaintiff had set her fences and planted her trees in the street; that the city is entitled to have it opened for its full width, to wit, 66 feet. This takes something from the plaintiff which she has already enclosed; but, as the statute of limitations does not run against the town, and there is no estoppel, the town is entitled to have this street opened to its full width. *Quinn v. Baage,* supra; *Schultz v. Stringer,* 168 Iowa 668.

The trial court, as we think, correctly fixed all the lines save that on the south.end of plaintiff's property, where there is supposed to be an alley. We think there is no alley at this point which the defendant may claim, and to this extent, the judgment must be modified. Each party will pay one half of the costs of this appeal. The decree must be modified to the extent indicated, and for this purpose the cause will be remanded.—*Modified* and *Remanded.*

Evans, C. J., Weaver and Preston, JJ., concur.