PAGE & CRANE LUMBER COMPANY, Appellee, v. CITY OF CLEAR LAKE et al., Appellants.

No. 39630.

JUNE 24, 1929.

*Ira W. Jones* and *Garfield E. Breese,* for appellants.

*Henry Curvo* and *Senneff, Bliss, Witwer & Senneff,* for appellee.

EVANS, J.—I. For more than 25 years, the plaintiff, a partnership, has been the owner and in occupancy of nearly all of Block 23 in Tuttle's Addition to Clear Lake. It is engaged in  the coal and lumber business, and has carried on its business during all these years upon said Block No. 23. It has constructed several valuable buildings thereon, including coal and lumber sheds. Its possession of all of the block except Lot 3 thereof has been exclusive, in a legal sense, at all times prior to this controversy. In June, 1927, the city served notice upon it to vacate the alleys in the block. The claim of the city to the alleys is predicated upon the plat of the addition. It appears that the plat of Tuttle's Addition was executed in the fall of 1859, and was duly recorded. This plat purported to contain six blocks.

The area of ground covered by it was in the form of a right-angled triangle. The longitudinal lines of the lots and streets upon the plat are laid parallel to the hypotenuse. This results in diagonal streets and alleys. Block No. 23 is situated at the foot of the hypotenuse, in the acute angle between the hypotenuse and base. The block is fractional only, a part of it being cut off by the base line. Of the six blocks included in the addition, only two are complete. All the others are more or less mutilated by their diagonal relation to the base and perpendicular.

Except as to Lot No. 3, which comprises one eighth of a complete block, and which comprises the upper one fourth of the westerly half of the block, the plaintiff has occupied the entire block, without recognition of boundaries either of lots or of alleys. The recorded plat shows two alleys cutting across the block at right angles to each other and intersecting each other at the center of the block. The city of Clear Lake was not incorporated until 1871. No affirmative action had ever been taken by the board of supervisors by way of acceptance prior to 1871, nor by the city council after the incorporation of the city. There were some defects of description contained in the recorded plat. One starting point was described as the certain corner of "Block No. ——." The number of the block was not in fact inserted.

In defense of its possession, the plaintiff asserted that no dedication of the alleys was ever made; that no acceptance thereof was ever had; that said alleys were abandoned by the city; that the city was estopped to oust the plaintiff therefrom because, for more than 25 years, with full knowledge of all that was done, it had permitted the plaintiff to occupy and improve said alleys and to erect valuable improvements thereon, and this with full knowledge that the plaintiff was claiming the right of use and possession. It is also urged that the alleys indicated on the plat are so located as to become mere blind alleys, without any opening or connection at their southerly ends. Whether this is claimed to result from their diagonal courses, is not clear from the record. It is claimed by plaintiff that the plat was not accurately laid to the ground, and that the location of the lots and streets and alleys is not in fact responsive to the call of the plat, and that this results in leaving the southerly terminals of the alleys without any extensions open to them. Whether it be chargeable to the diagonal courses or not, a very confusing record

is presented to us. To speak parenthetically, the writer hereof is tempted to say that the diagonal plat of realty is a form of well-meaning perversity. It serves to hinder simple and accurate description and to confuse orientation. Only the man with an instrument can know just where he is upon a diagonal line. The rational orientation of the prairie is that which points its prow to the north star, and conforms its lines to the latitudes and longitudes of the earth. We are not disposed, however, to lay undue stress upon the irregularities of the dedication or the alleged defects upon the plat.

By agreement of the parties, the trial judge was requested to go upon the ground and to view the premises, as an aid to judgment. He has incorporated in his findings of facts his observations, which are in harmony with the testimony. He found for the plaintiff on virtually all of the grounds asserted by it. These various grounds are closely related, and are in the nature of variations of each other. Non-acceptance and abandonment are approximately the same thing. These also furnish the grounds for an estoppel. We consider these grounds as they bear on the question of estoppel. It has been long settled in this state that a city may estop itself from asserting the right of the public to an alley. This is so where, with the knowledge of the city, an occupant has asserted a right to the ground where the alley is located, and has maintained such possession under such claim, with the knowledge of the city, for more than ten years, and, with such knowledge of the city, has erected valuable improvements thereon. Then, in such event, the city will be estopped from asserting title to such alley. The reasons for such a holding have been elaborately stated in several of our previous cases. If we were to recite them again, we could do no better than to quote what has been previously said. A very full discussion will be found in *Weber v. City of Iowa City*, 119 Iowa 633, 638. This was followed by *Burroughs v. City of Cherokee*, 134 Iowa 429; and still more recently in *Christopherson v. Incorporated Town of Forest City*, 178 Iowa 893. To the same effect are *Heller v. Cahill*, 138 Iowa 301; *Lucas v. Payne*, 141 Iowa 592; *Lacy v. City of Oskaloosa*, 143 Iowa 704. Sufficient to say that the evidence in this case brings it within our holding in the foregoing cited cases. We are content to sustain the decree of the district court upon that ground.

II. The appellant lays some stress upon its assertion that there is a defect of parties, in that the owner of Lot No. 3 is not a party hereto, and that he is necessarily interested in the alley  on which his lot abuts. The appellant asks, therefore, that the whole proceeding be dismissed on that ground. No question of this kind was raised in the district court, either by pleading or otherwise. If it had been raised there, the defect could have been cured by an amendment making such owner a party. The defect, if such, is not curable in this court. That is a sufficient reason why parties litigant are not permitted to raise in this court for the first time questions that should have been raised in the district court. The point thus raised by the appellant cannot be sustained, whatever its merit might have been if raised in the district court. Nor can we be concerned as to the effect of the deficiency, if such, upon the adjudication herein.

For the reasons here stated, the decree of the district court is—*Affirmed.*

ALBERT, C. J., and KINDIG, WAGNER, and GRIMM, JJ., concur.