TOWN OF MARNE, IOWA, appellee, v. ROBERT L. GOEKEN et ux., appellants.

No. 51810.

December 13, 1966.

Rehearing Denied February 6, 1967.

Kistle & Telpner, of Council Bluffs, for appellants.

Jones, Cambridge, Carl & Howard, of Atlantic, for appellee.

SNELL, J.—This is an action brought by the plaintiff-appellee, Town of Marne, against defendants-appellants to abate a nuisance caused by the alleged encroachment of defendants' garage upon a street and alley in the town.

Plaintiff-town claimed that defendants in building a garage on their property encroached on both the adjacent street and alley.

The trial court found encroachment, a resulting nuisance and ordered abatement thereof. Defendants have appealed.

This squabble reflects no credit on the common sense of the litigants. The situation should not have arisen in the first place. Misunderstanding having arisen it should have been settled. It is inconceivable that an encroachment of 3.2 feet in a rarely, if ever, used alley and 1 foot in the untraveled portion of a street in Marne justifies this litigation except that tolerating trivial wrongs may lead to real trouble.

It was stipulated that the original plat of the Town of Marne was dedicated in 1875, that the town was incorporated in 1892 and that plaintiff's Exhibit 1, the original plat of the town, might be received in evidence.

This plat shows block 12 bounded on the north by 4th Street and on the south by 3rd Street. The block contains eight lots (1 to 8 inclusive) facing Lincoln Street on the east and eight lots (9 to 16 inclusive) facing Jefferson Street on the west. An alley 20 feet wide runs north and south through the block. At the south end of the block the alley is between lot 8 and lot 9. The alley is neither improved nor maintained and is seldom, if ever, used.

Third Street is 80 feet wide. The traveled portion is 22 to 24 feet wide. It is surfaced with chipped rock. There are no curbs or gutters. There are ditches along the side. There is no sidewalk along the south side of block 12. There are drainage culverts at each end of the alley in block 12.

Defendants, individually or through a wholly owned corporation, own all of block 12. Defendants' home is on lot 8.

1378

We reproduce a plat of block 12 received in evidence as an original plat. The garage shown on lot 8 was not a part of the

plat but was located on the reproduction by plaintiff's surveyor. The garage faces east.

Defendants' Exhibit D, a plat prepared by their surveyor, shows encroachment on the alley but not on the street.

Except by survey neither the lot nor alley boundaries could be located. Except on rare occasions when someone, usually defendants, mowed the weeds in the alley the vegetation was uncut and there was no evidence of vehicular use. Defendants had at times planted alfalfa and stored equipment in the alley.

Defendants started construction of their garage in April, 1964. It is a three-car frame garage with cement foundation and floor. The town officials claimed the garage encroached on the street and alley. Plaintiff and defendants had independent surveys made by licensed land surveyors. The surveyors did not proceed from the same premise or base locations. Plaintiff's surveyor found more original markers than did defendants' surveyor. No useful purpose would be served by detailing the several steps in each survey. Plaintiff's survey showed encroachment of 3.2 feet in the alley and 1 foot in the street. Defendants' survey proceeding largely from a 1957 survey of other property showed encroachment in the alley of 2.7 feet but no encroachment in the street.

It appears without question that there is some encroachment. The trial court found that plaintiff's survey was the more credible. Giving to the trial court's findings the weight to which they are entitled, we agree. The record supports this finding. See rule 344(f)(7), Rules of Civil Procedure.

The county recorder found no record of acceptance of the dedication of streets and alleys by the Town of Marne. The Town clerk could find no record of any council proceedings prior to October 2, 1900, and nothing indicating an acceptance of a dedication.

I. As stated, supra, the plat of the Town of Marne was dedicated in 1875. The town was incorporated in 1892.

The record of council proceedings prior to 1900 could not be found. The county records were silent as to acceptance of the dedication by the town. These are matters of no importance

in the case at bar. There is nothing to indicate a failure to comply with the law as it was at the time of platting or incorporation. In any event there is a legalizing act in chapter 592, Code of Iowa, and a presumption of regularity under our pronouncements. City of Des Moines v. Hall, 24 Iowa 234, 237; Weiss v. Incorporated Town of Woodbine, 229 Iowa 978, 981, 982, 295 N.W. 873; School District of Soldier Township v. Moeller, 247 Iowa 239, 245, 73 N.W.2d 43; 64 C. J. S., Municipal Corporations, section 1680b.

■ II. Cities and towns have authority to vacate streets and alleys. Section 389.1, Code of Iowa. Vacation may be by ordinance having due regard for the interests of the public. Pederson v. Town of Radcliffe, 226 Iowa 166, 284 N.W. 145. There is no claim of any vacation under chapter 389 or chapter 409 relating to plats.

■ III. Plaintiff has the burden of proving encroachment by a preponderance of the evidence. Defendants have the burden of proving an affirmative defense. Kennedy v. Oleson, 251 Iowa 418, 421, 100 N.W.2d 894. As indicated, supra, encroachment was established. We will consider the defenses in subsequent divisions.

Section 389.12, Code of Iowa, imposes on cities and towns the care and control of streets and alleys and provides that they be kept open and in repair and free from nuisances.

■ Section 657.2(5) makes the obstruction of streets and alleys by buildings a nuisance. Determination of the question does not depend on the extent of the obstruction. Lacy v. City of Oskaloosa, 143 Iowa 704, 709, 710, 121 N.W. 542, 31 L. R. A., N. S., 853.

IV. Plaintiff-town is a municipal corporation and it is not claimed that the statute of limitations runs against it with respect to encroachments. Defendants do argue abandonment and estoppel.

In paragraph 6 of defendants' answer this appears:

"That even if the garage sits partly upon the alley, which defendants deny, the alley has been abandoned by the Town of Marne for so many years that the Town is estopped from obliging the defendants to move the garage."

Plaintiff argues that this is insufficient to generate a question of estoppel. We need not determine the sufficiency of the pleading. There is nothing in the record to support a finding of estoppel. There is neither claim nor proof that the officials of the town by act, consent or acquiescence ever led defendants to believe they might disregard property lines in building their garage. There is nothing to indicate that defendants ever claimed any permanent rights to or in the street or alley, or ever relied on any act or failure to act of plaintiff. Defendants just made a mistake in locating their garage but that mistake coupled with the thought or hope that the town would not object does not establish estoppel.

Defendants cite and rely upon Quinn v. Baage, 138 Iowa 426, 114 N.W. 205, and Christopherson v. Incorporated Town of Forest City, 178 Iowa 893, 160 N.W. 691. Neither case supports defendants' claim of estoppel here. In Quinn this appears:

"To work an estoppel against the public, the occupancy must have been in its nature inconsistent with the right of the public to the highway and for such a length of time as indicates acquiescence of the officers in the permanent appropriation of the ground for other purposes." (Loc. cit. 438)

The Christopherson case is not factually comparable. In that case there had been possession and claim of right for many years. The alley had been fenced as a part of the block for over 20 years.

"Again, the town stood by and saw the plaintiff filling in the low places in the block and redeeming it for cultivation; saw one of plaintiff's grantors build a barn across the east end of this supposed alley; and, although it at all times had notice that plaintiff's grantor and plaintiff herself were claiming that all this property belonged to them, it made no objections to the improvements, but permitted the then owners of the block to treat it as if there were no alley there. In such circumstances, an estoppel arises against the town which forbids it to claim that the property is an alley, and to assert that it may accept the dedication at any time it chooses, no matter what the conduct of

the owners of adjoining property, who think that the property is theirs and claim it as of right." (Loc. cit. 899, 900)

No such factual situation appears here.

Defendants' real claim is abandonment by the town.

"Abandonment and estoppel in pais are quite distinct legal concepts, and proceed on different principles. Abandonment depends on the will or intention of the party * * *." 1 C. J. S., Abandonment, section 2b(8).

It develops simply because the owner no longer desires to possess the thing. 1 C. J. S., Abandonment, section 2a.

In the case at bar vehicular travel in the alley has been very rare. The town has neglected to mow the weeds or plow out the snow but there is nothing to establish relinquishment of permanent control or ownership.

In 1 Am. Jur.2d, Abandoned, etc., section 13, this appears: "The general rule is that the legal doctrine of divestiture of title to property by abandonment is not applicable as to real property where the state has passed a perfect legal title thereto; such a title remains vested until it passes by grant, descent, adverse possession, or some other operation of law such as by escheat or forfeiture. * * *." And in section 15, this appears: "In order to establish an abandonment of property, actual acts of relinquishment accompanied by intention to abandon must be shown. The primary elements are the intention to abandon and the external act by which that intention is carried into effect. * * *."

Cowin v. City of Waterloo, 237 Iowa 202, 21 N.W.2d 705, 163 A. L. R. 1327, involved a newsstand that had operated on a sidewalk for 25 years. We quoted with approval (loc. cit. 205) from Emerson v. Babcock, 66 Iowa 257, 23 N.W. 656, 55 Am. Rep. 273, as follows:

" 'The fee title of the streets is in the incorporated town, and no private person has any legal right to erect any structure therein for the purpose of carrying on his private business; and if, having done so, he is required to remove his building or structure, of whatever it may be, from the street, he has no cause of complaint. * * *',"

V. Defendants argue that where the encroachment causes little or no damage and the cost of removal is great defendants should not in equity be required to move the garage. This presents the most distressing feature of the case. Can defendants be relieved of responsibility for their own mistake? We are faced with the old truism that "hard cases make bad law." Defendants cite respectable authorities from other jurisdictions where hardship and damage have been compared and injunctive relief denied. Defendants then say: "The question of comparative hardship as exemplified by the cases referred to, does not appear to have arisen in Iowa." We do not reject the idea that comparative hardship should be considered. We do not disagree with the cited cases. We are aware of the old maxim "De minimus non curat lex."

In the case at bar, however, we are not prepared to say that defendants by making a mistake in locating their garage can acquire the right to encroach up to 3.2 feet. While in the case at bar the damage is theoretical or at least minimal we cannot open the door to approval of such mistakes. If as claimed by defendants an encroachment of 3.2 feet does no harm it is equally true that encroachment of 10 feet would still leave room to drive through. We cannot restrict cities' and towns' right to possession and control of streets and alleys to one of degree.

The remedy against encroachment is not restricted to an action at law for damages. To justify encroachment upon payment of damages would create in individuals rights comparable to eminent domain and that is not contemplated by our law.

The case is—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting, and STUART, J., who takes no part.