SIOUX CITY, Iowa, a Municipal Corporation, Appellee,

v.

William JOHNSON, Emil C. Kolls, Louise Kolls, Oliver H. Horsley, Alma Horsley, Neal Schutt, Mary O. Schutt, Walter Hathaway, Nora Hathaway, and Wilhelm Chris Otto, Appellants,

Marx Truck Line, Inc.; Lee and Johnson, Incorporated; Sioux City, Iowa, a Municipal Corporation; Robert L. Marx; Wallace A. Marx; and Donald T. Marx, Interpleaded Appellees.

No. 53335.

Supreme Court of Iowa.

March 11, 1969.

J. Allen Orr, Sioux City, for appellants.

Paul A. Mahr, Sioux City, for appellee.

Crary, Huff & Yates, Sioux City, for interpleaded appellees.

LARSON, Justice.

On October 1, 1965, plaintiff, City of Sioux City, Iowa, a municipal corporation, pursuant to the provisions of section 657.-2(5) of the 1962 Code, brought an action in equity to abate certain nuisances blocking a city street between Blocks 3 and 4 of Felt's Addition to the city, to-wit: mobile homes, fences, utility poles and outlets.

Principal defendant in this suit is William Johnson, the owner of a mobile trailer court who leases his property to private parties for the placement of their mobile homes. Other defendants are such tenants.

Trial commenced on September 12, 1966. The court entered its findings, judgment

and decree on April 4, 1967, ordering the removal of all trailers, utility poles, fences, and other obstructions, from a strip of land 20 feet wide and 150 feet long known as Star or Westcott Street, and also enjoining any further obstruction of the street.

On February 8, 1968, defendants appealed. We reverse.

The record discloses that appellant Johnson owns several lots in Felt's Addition and other real property in this area. We set out a plat showing the property involved:

Since 1941 Johnson has included in his operation the 20 x 150 foot strip of land, which we shall refer to as Star Street. The evidence reveals that at the time of platting in 1883 the area involved, including Star Street, was a slough, and that Johnson made it usable in 1941 by adding three or four feet of fill and by leveling and grading the area, installing sewer connection lines, electricity, water, gas, shrubbery, trees, and paving. These improvements over the years provided pleasant living conditions for his tenants and were made at considerable expense to him.

At the present time there are five trailers across portions of Star Street, with a vacant space for a sixth. Johnson does not deny knowledge of the platted street, but contends that city officials were aware that he had treated it as his own property since 1941. The only public access to this street is Third Street, and for many years· this access was blocked by the Floyd River, now rerouted through the city.

In addition to the house trailers in the street, there are three 24-foot utility poles owned by Johnson, six sewer connections ten inches above the ground, and six water and gas connections six inches above the ground. All of these were installed with city permits after inspection and approval by the respective departments. In addition, the city health department has inspected the premises at least once a year. Until recently, when the interpleaded defendants sought access to property in Area C from Third Street, no effort to open this street had ever been made. It has never been graded, leveled, or otherwise improved or maintained by the city. Long nonuser by the city is admitted.

It appears that in the original platting of Felt's Addition, through error or oversight, a narrow strip of land between Areas A, B and C was left unplatted. This entire strip, with the exception of a 20 x 20 foot area at the north end of Star Street, was acquired by Johnson by tax deed. The 20 x 20 foot strip, abutted on two sides by Johnson's property and on the north by Area C, apparently was never transferred to anyone or placed on the tax records, but Johnson has been in possession and control of it since 1941 and claims it as his own.

Unless title in the 20 x 20 foot strip is acquired by the city, or someone other than Johnson, any attempt to open Star Street would not benefit any member of the public except Johnson. The effect of opening Star Street would be to open a 20 x 150 foot dead-end street. Obviously, an opening of the street would disrupt, if not destroy, the use of this property as a trailer park.

The interpleaded defendants, Marx Truck Line, Inc. and Lee and Johnson, Inc., occupants of Areas C and D, desire the opening so as to provide an easy, if not a private, road between those properties, and have urged this city action. However, until they or the city take steps to acquire the aforementioned 20 x 20 foot area at the north end of Star Street, that route would still not be open to them.

The trial court held that the defendants had acquired no rights in Star Street, that the trailers and other obstructions of the defendants in the street were nuisances, and issued a writ of mandamus as prayed. The defendants assign ten errors and argue eight of them.

There is no necessity to consider and discuss each alleged error. The vital and controlling issue raised herein is whether the facts and circumstances revealed by the extensive record are sufficient to establish abandonment of the street by the city or to invoke the doctrine of equitable estoppel to protect the defendants' right to peaceful possession of this street area.

■ I. That an established highway may be abandoned by the public and its rights therein lost is settled. Kelroy v. City of Clear Lake, 232 Iowa 161, 5 N.W. .2d 12; Robinson v. Board of Supervisors, 222 Iowa 663, 666, 269 N.W. 921, 923; Lucas v. Payne, 141 Iowa 592, 596, 120 N.W.

59, 61. Appellants contend that the city abandoned Star Street, but under this record we believe only nonuser, not abandonment, is shown. Abandonment develops because the owner no longer desires to possess the thing. 1 C.J.S. Abandonment § 2a. In order to establish abandonment of property, actual acts of relinquishment accompanied by intention to abandon must be shown. We recently said the primary elements are the intention to abandon and the external act by which intention is carried into effect. Town of Marne v. Goeken, 259 Iowa 1375, 1382, 147 N.W.2d 218, 224. Also see 1 Am.Jur.2d, Abandoned, Etc., § 15.

In Town of Marne v. Goeken, supra, we quoted with approval from 1 Am.Jur.2d, Abandoned, Etc., § 13, that the general rule is that the legal doctrine of divesture of title to property by abandonment is not usually applicable as to real property where the state has a perfect legal title thereto; such a title remains vested until it passes by grant, descent, adverse possession, or some other operation of law such as by escheat or forfeiture.

In a continuous line of cases we have said that, pursuant to a proper dedication, the fee title of streets is in the incorporated town, and no private person has any legal right to erect any structure therein for the purpose of carrying on his private business; and if, having done so, he is required to remove his building or structure or whatever it may be, from the street, he has no cause for complaint. Town of Marne v. Goeken, supra; Cowin v. City of Waterloo, 237 Iowa 202, 21 N.W.2d 705, 163 A.L.R. 1327; Emerson v. Babcock, 66 Iowa 257, 23 N.W. 656.

Appellants' contention that there was no acceptance by the city of the dedication of Star Street has no merit.

■ We find no evidence in the record that would dispute the fact that Star Street was dedicated and accepted. On the other hand, we do find evidence in the record that the city renamed Star Street on at least one occasion by ordinance. As bearing thereon, see Parriott v. Incorporated City of Hampton, 134 Iowa 157, 111 N.W. 440.

The trial court in its conclusions of law stated: "Star Street was included in the plat of Felt's Addition to Sioux City. No objections were raised as to the validity of the plat or the inclusion of this street."

■ True, in the case at bar vehicular and pedestrian traffic has never existed on Star Street. The city has never attempted to grade, improve, or open the street. In fact, it appears it permitted natural obstacles to exist in the street, such as trees, grass, and shrubs. Appellant Johnson had never challenged the city's title to the street, and appellee contends there is little more than nonuser shown here. Mere nonuser, of course, is not sufficient to establish relinquishment of title or ownership. The trial court held the evidence of abandonment insufficient, and we are inclined to agree. In so doing, we are mindful of the evidence as to the city's issuance of camp licenses, trailer house permits, and permits to install private utilities on Star Street. These affirmative acts do tend to establish an intent to abandon. However, such acts on behalf of the city authorities and the public are more applicable to the defendants' estoppel contention, and we shall give them further consideration in applying that doctrine to the facts and circumstances revealed by this record.

■ II. The doctrine of equitable estoppel or estoppel in pais is founded upon principles of morality and fair dealing and is intended to subserve the ends of justice. In Anfenson v. Banks, 180 Iowa 1066, 1092, 163 N.W. 608, 616, L.R.A.1918D, 482, this court approved the following statement from Delaphine v. Hitchcock, 6 Hill (N.Y.) 14: "An estoppel in pais is a moral question. It can only exist where the party is attempting to do that which casuists would decide to be a wrong; something which is against good conscience and honest dealing."

■ In considering the application of this doctrine each case must be considered in the light of its surrounding facts and circumstances; estoppel must in the nature of things stand on its merits. Dart v. Thompson, 261 Iowa 237, 154 N.W.2d 82, 86; 28 Am.Jur.2d, Estoppel and Waiver, § 26; annotation, 171 A.L.R. 106. There can be no hard and fixed rule for determining when this principle should be applied. Dabney v. City of Portland, 124 Or. 54, 263 P. 386, held a city was estopped to open a street.

■ It has long been settled in this state that a city may estop itself from asserting the right of the public to use a street or alley. Page & Crane L. Co. v. City of Clear Lake, 208 Iowa 735, 738, 225 N.W. 841, 842; Christopherson v. Incorporated Town of Forest City, 178 Iowa 893, 898–900, 160 N.W. 691, 693, 694; Johnson v. City of Shenandoah, 153 Iowa 493, 133 N.W. 761; Zollinger v. City of Newton, 172 Iowa 352, 154 N.W. 611; Simplot v. City of Dubuque, 49 Iowa 630; Blennerhassett v. Forest City, 117 Iowa 680, 91 N.W. 1044; Incorporated Town of Cambridge v. Cook, 97 Iowa 599, 602, 66 N.W. 884, 885; Uptagraff v. Smith, 106 Iowa 385, 76 N.W. 733; Davies v. Huebner, 45 Iowa 574; Orr v. O'Brien, 77 Iowa 253, 254, 255, 42 N.W. 183, 184; City of Davenport v. Boyd, 109 Iowa 248, 80 N.W. 314; Smith v. City of Osage, 80 Iowa 84, 45 N.W. 404, 8 L.R.A. 633; Burroughs v. City of Cherokee, 134 Iowa 429, 434, 109 N.W. 876, 878, 879; Weber v. Iowa City, 119 Iowa 633, 638, 93 N.W. 637, 639, 640. However, the doctrine of equitable estoppel against a municipality to open a street must be applied with caution. Kelroy v. City of Clear Lake, supra, 232 Iowa 161, 172, 5 N.W.2d 12, 19. The burden to prove and establish estoppel is on the party asserting it, with strict proof of all the elements a requisite. Dart v. Thompson, supra; O'Dell v. Hanson, 241 Iowa 657, 664, 42 N.W.2d 86, 90; Rule 344(f) (5) (6), R.C.P.

■ Where there is long-continued nonuser of a street or alley by the municipality, maintenance of possession under a claim of right for a long period by private parties acting in good faith, where the erection of valuable improvements thereon with the knowledge and assent of the public and the city, and where the situation is such that to permit the municipality to open the street would result in great damage to those in possession, estoppel may lie. Weber v. Iowa City, supra; Burroughs v. City of Cherokee, supra; Christopherson v. Forest City, supra; Orr v. O'Brien, supra; Page & Crane L. Co. v. City of Clear Lake, supra; Incorporated Town of Cambridge v. Cook, supra. See also 39 Am.Jur.2d, Highways, Streets, and Bridges, § 155; annotation, 171 A.L.R. 110.

■ An essential element is a long-continued nonuser, but again mere nonuser alone is not sufficient. Kelroy v. City of Clear Lake, supra, 232 Iowa 161, 168, 5 N.W.2d 12, 17; Davies v. Huebner, supra, 45 Iowa 574, 576; Weber v. Iowa City, supra, 119 Iowa 633, 640, 93 N.W. 637, 640; Burroughs v. City of Cherokee, supra, 134 Iowa 429, 434, 109 N.W. 876, 879. The duration of this nonuser must be for more than ten years. Davies v. Huebner, supra, 45 Iowa 574, 578; Kelroy v. City of Clear Lake, supra; Burroughs v. City of Cherokee, supra; Page & Crane L. Co. v. City of Clear Lake, supra, 208 Iowa 735, 738, 225 N.W. 841, 842. The ten years is applied only as a basis for the presumption that the city consented to the invasion before or at the time of the invasion. Herrick v. Moore, 185 Iowa 828, 837, 169 N.W. 741, 744.

■ We have also said there must be possession of the street or alley for more than ten years by the party or parties asserting the estoppel, and this possession must be adverse to or inconsistent with the city's use of the land for a street or alley. Weber v. Iowa City, supra; City of Davenport v. Boyd, supra, 109 Iowa 248, 251, 80 N.W. 314, 315; Burroughs v. City of Cherokee, supra, 134 Iowa 429, 436, 109

N.W. 876, 879; Orr v. O'Brien, supra; McClenehan v. Town of Jesup, 144 Iowa 352, 357, 120 N.W. 74, 76.

■ The aforementioned possession by the parties asserting the estoppel must be under a claim of right, and it is not essential to a claim of right that the possession be under color or claim of title. A claim of right to possession is sufficient. Christopherson v. Forest City, supra; Blennerhassett v. Forest City, supra; Zollinger v. City of Newton, supra, 172 Iowa 352, 356, 154 N.W. 611, 613. In Blennerhassett, at pages 684 and 685 of 117 Iowa, at page 1046 of 91 N.W., we said: "At the time this action was commenced she [plaintiff] was in the peaceable, uninterrupted enjoyment of the property. No one was contesting either her title or possession, except the town, and its claim was to an alley through property which plaintiff had improved and was occupying. It is not enough for the town, under such circumstances, to show that plaintiff had no title. She was entitled to protect her possession against any undue interference by the town under its claim in this case, although she had nothing more than the naked possession of the property. * * * if defendant is estopped from asserting that there is an alley at the point in question, plaintiff is entitled to the relief she asks, although she may not be able to show title by grant or by adverse possession. Where the threatened wrong is to a possessory title, it is sufficient, as against a wrongdoer, to allege and prove possession. [Citing cases.] This is in itself a sufficient answer to defendant's contention that plaintiff has no title to the alley in question."

■ Of course, the party asserting the estoppel must act in good faith premised upon conduct of the municipality that would reasonably tend to lead another to believe that its once intended use as a street is no longer contemplated. Annotation, 171 A.L.R. 110; 39 Am.Jur.2d, Highways, Streets, and Bridges, § 155.

■ A court in equity will not permit a municipality to open a street or alley upon which it has allowed another to make valuable improvements with its knowledge and acquiescence and without objection, and this is especially so where building permits thereon were issued with its approval and the general public will not benefit from the opening. Christopherson v. Forest City, supra; Dabney v. City of Portland, supra, 124 Or. 54, 263 P. 386; People ex rel. Friend v. Wieboldt, 233 Ill. 572, 84 N.E. 646; City of Peoria v. Central Nat. Bank, 224 Ill. 43, 79 N.E. 296, 12 L.R.A.,N.S., 687.

■ III. Appellee contends there is no evidence that the improvements made by Johnson were of a permanent nature, that the costs thereof were substantial, that the city had notice or knowledge of Johnson's claim of right to the use of this street, or that he would suffer substantial damages by the opening of the street. We cannot agree.

It clearly appears that Johnson expended considerable sums to fill the swamp in order to make Star Street and his lots usable for a trailer court in 1941, that at least $2,000 was expended on this work and on the installation of sewer lines and outlets to accommodate house trailers located on the 20 x 150 foot street area, that under permits granted by the city authorities, water, gas and electric lines were installed to service these trailers, that these authorities inspected and approved those installations over the years, and that no objections were ever made to Johnson's use of the street for this trailer court until the interpleaded parties sought its use for their private purpose. Johnson showed he had constructed paved drives over this area, planted trees thereon, which were over two feet in diameter, and had criss-crossed the area with sewer, gas and water lines, so as to make it a single trailer court area. The city could not sanction, license, and tax these installations on this property and then in good conscience say it did not know of its use or Johnson's claim of right to its use

as a trailer court. To this extent its affirmative acts led Johnson to expend money and labor on substantial and permanent improvements over the 25 years. The damage which would result from cutting the trailer court in two parts and permitting the street's use for truck traffic needs no elaboration, to say nothing of the destruction of the trailer court's sewer, water and gas systems.

There is substantial proof here of inequitable, misleading conduct on the part of the municipality, which over the past years directly induced the use and improvements made by Johnson, which improvements were made in good faith.

Of some importance is the fact that this street had never been used as a public thoroughfare and, except for the contemplated private use by a truck company, would have no present public need. The record shows this same company, had substantially blocked Third Street illegally and purchased a part of it from the city after vacation, which is some indication that it desired to use all of the land south of this trailer court in conjunction with its sales area in Chase's Addition. Defendants' evidence is conclusive that, except for the truck company, no part of the public would be served by this opening, and there was no petition considered to extend Star Street to Fourth Street. We are satisfied that as long as this trailer court exists, no substantial public right will be seriously disturbed by its present use and occupation.

■ It appears to us under these circumstances it would be unjust and unfair to compel defendants to remove their improvements from this area and permit the opening of Star Street. The trial court evidently felt the same way, but fell into error when it held defendants' estoppel assertion must be based upon possession under color or claim of title. Christopherson v. Forest City, supra; Blennerhassett v. Forest City, supra.

■ Although Johnson claims he has gained title to this street area, that part of his claim cannot be sustained. There is no proof of such claim under color of title such as would be necessary to assert adverse possession pursuant to abandonment. However, his showing does support his claim of right to possession and use. Under the law this is sufficient, and as long as the street is so used, defendants' possession should not be disturbed.

IV. The trial court found the City of Sioux City has no right to the 20 x 20 foot tract beyond the north end of Star Street, and held it could not in this action require the defendant Johnson to remove his property or the improvements therefrom. It refused under this record to quiet title to this tract in Johnson because he "has no color of title." No complaint appears as to these holdings and we accept them here.

■ V. Relief was granted in Johnson's cross-petition for a writ of injunction against interpleaded defendant, Marx Truck Line, Inc., and the latter was enjoined from using the unvacated part of Third Street abutting Blocks 3 and 4 of Felt's Addition to Sioux City, Iowa, for the storage of trucks, tractor-trailers, wash rack, or any other private use except the movement of vehicles. The evidence clearly supports this judgment. No appeal was taken therefrom, and it is final.

The trial court assessed one fourth of the trial court costs to interpleaded defendant, Marx Truck Line, Inc., and that assessment stands. However, in view of our decision herein, the assessment of the remaining three fourths of these costs to defendants must be voided and those costs reassessed to the City of Sioux City, Iowa.

VI. Having concluded the evidence is sufficient to estop the plaintiff city from maintaining its action to abate a nuisance against the defendants and to enjoin the operation of the trailer court on this area at this time, the order of the trial court enjoining defendants from leasing space for

occupancy by trailers or from using private utilities or other privately-owned facilities located on this street must be reversed.

Reversed.

SNELL, MOORE, STUART, BECKER and LeGRAND, JJ., concur.

GARFIELD, C. J., and MASON, J., dissent.

RAWLINGS, J., takes no part.